GRACE GILLARD, RESPONDENT, v. THE MANUFACTURERS CASUALTY INSURANCE COMPANY, APPELLANT.

Argued June 4, 1918—Decided September 12, 1918.

1. Under the act (*Pamph. L.* 1916, *p.* 283) entitled "An act concerning auto busses, commonly called jitneys, and their operation in cities" a policy of insurance for $5,000 is required to be delivered to the chief fiscal officer of the city when the consent and license to operate such auto bus is obtained. The policy is for the benefit of persons injured, as a result of an accident occurring from the operation of such auto bus upon the public streets of the city. *Held*, the injured person may sue directly the insurance company on the policy, as prescribed by the statute, on a judgment recovered against the auto bus owner, for damages occasioned as a result of an accident in the operation of the auto bus on the public streets. The injured person's rights are original and primary, not derivative and secondary under the statute.

2. The above act does not offend against article 4, section 7, paragraph 4, of the state constitution, which provides every law shall embrace but one object and that shall be expressed in the title.

3. The statute does not require process to be served on the chief fiscal officer of the city, in the original suit, between the person injured and the auto bus owner.

On appeal from a judgment of the Orange District Court.

Before Justices BERGEN, KALISCH and BLACK.

For the respondent, *Arthur B. Seymour.*

For the appellant, *Pomerehne & Laible* and *Jacob L. Newman.*

The opinion of the court was delivered by

BLACK, J. The plaintiff in this case on June 28th, 1917, was injured in a collision between an automobile, which she was driving, and a jitney bus, driven by John Bono, a chauffeur, for Andrew Wanzyke. She sued Andrew Wanzyke on the thirteenth day of September, 1917, recovered, in the Orange District Court, a judgment against him, for her in-

juries, for the sum of $100 and costs. This judgment was entered by default and has not been paid. At the time of the accident Andrew Wanzyke was operating a jitney bus, under a license or consent granted by the proper authorities of the city of Newark, along Elizabeth avenue, a public street in Newark, where the accident occurred. The license or consent was granted under an act of the legislature entitled, "An act concerning auto busses, commonly called jitneys, and their operation in cities." *Pamph. L.* 1916, *p.* 283. Andrew Wanzyke filed with the chief fiscal officer of the city of Newark, in accordance with the provisions of the act, a policy of insurance, issued by the defendant company, in the sum of $5,000. The plaintiff then sued the defendant, the insurance company, upon the policy of insurance, to recover payment of her judgment. Judgment was given for the plaintiff. The legality of that judgment is attacked in this appeal. The record does not show the testimony, but no point is made of that fact, on which the judgment was recovered by Grace Gillard, the plaintiff, against Andrew Wanzyke, rendering him liable for negligence, although the record of the suit in the Orange District Court was put in evidence, and the state of demand states a cause of action based upon negligence in driving defendant's automobile. The appellant files six reasons, or specifications, why it is dissatisfied in point of law with the determination of the District Court. But they are argued in the appellant's brief, under three heads.

The first ground of attack is: The rights of the plaintiff are derivative and can be no more extensive than the rights of the insured.

This is a false assumption. Its answer is, on the contrary, the rights of the plaintiff are original and primary, given by the statute, which provides (*Pamph. L.* 1916, *p.* 283, § 2), there must be a consent of the board or body having control of public streets, for the operation of an auto bus; no consent shall become effective and no such operation shall be permitted until the owner of such auto bus in any city, shall file with the chief fiscal officer of the city, in which the auto bus shall be licensed and operated, an insurance policy in

$5,000 "against loss from liability imposed by law upon the auto bus owner for damages on account of bodily injury or death suffered by any person or persons as a result of an accident occurring by reason of the ownership, maintenance or use of such auto bus upon the public streets of ·such city, and such consent shall continue effective and such operation be permitted only so long as such insurance shall remain in force; such insurance policy shall provide for the payment of any final judgment recovered by any person on account of the ownership, maintenance and use of such auto bus or any fault in respect thereto, and shall be for the benefit of every person suffering loss, damage or injury as aforesaid;" then follows a provision for a power of attorney to be executed by the owner and to be delivered to the fiscal officer of the city, for the purpose of acknowledging service of process of a court of competent jurisdiction, to be served against the insured by virtue of the indemnity granted under the insurance policy filed.

By virtue of this provision in the statute the plaintiff alone can sue, under the policy required to be filed. This is an essential distinguishing feature, from that class of cases where there is no right of action, because the parties to the suit are not parties to the agreement sued on, as in *Hall* v. *Passaic Water Co.,* 83 *N. J. L.* 771; *Baum* v. *Somerville Water Co.,* 84 *Id.* 611; *Standard Gas Power Corp.* v. *New England Casualty Co.,* 90 *Id.* 570. The auto bus owner cannot sue on the statutory policy of insurance. It is true, that, under the policy filed, the auto bus owner has certain defined rights; but a special policy is required to be filed by the statute, against loss from the liability imposed by law, upon the auto bus owner for damages, on account of bodily injury, &c.

The insurance policy cannot contain any provisions except those authorized by the statute, so as to affect any person suffering loss as provided therein. Whatever other provisions the filed policy contains may be good as between the insurer and the insured auto bus owner, and may impose upon the latter certain duties and obligations toward the owner, for breach of which the insurer can maintain an action; but such

provisions cannot deprive an injured person of the remedy given by the statute, nor can they in any way abridge the rights granted by the statute to such injured person. The policy of insurance is filed only for the benefit of persons who might suffer injury. It is not filed for the benefit of the city. The city is under no liability, which the policy indemnifies it against. The statute was passed only for the benefit of the injured person. The sole beneficiary of the statute is the person injured. The injured person is the only one who can sue under the policy, and cite the statute in support of the action. The injured person's rights in the policy of insurance are original and primary, not derivative and secondary. The first ground of attack, therefore, fails, because the premise on which the argument is based is not true in point of fact.

It is next argued that the act (*Pamph. L.* 1916, *p.* 283) is unconstitutional, because the title which is in these words, "An act concerning auto busses, commonly called jitneys, and their operation in cities," offends against article 4, section 7, paragraph 4 of the state constitution, which provides every law shall embrace but one object and that shall be expressed in the title. The argument made is, if the act is intended to affect the contract of insurance, it cannot answer the test; that the object expressed in the title must give notice of the effect of the legislation to one conversant with the existing state of the law, citing *Sawter* v. *Shoenthal,* 83 *N. J. L.* 499, 502. But in that case, it was said, the validity of the title is not to be determined by mere distinctions of etymology or definition of words, but by the facts of the case and the history of the legislation. Language which at one time may be quite inadequate to warn the public of the object of the legislation, may, at another, owing to custom or usage, be entirely sufficient. The title of the act is concerned with the operation of auto busses, commonly called jitneys. This is the object of the law, the conditions prescribed, such as filing an insurance policy for the benefit of an injured person, is germane to the subject of its operation. That is its product, as has been happily expressed by Mr. Justice Garrison, with quaint terseness: "The object of every law, by force of the

constitution, must be single and be expressed in the title of the law; the product may be as diverse as the object requires and finds its expression in the terms of the enactment only. In fine, the title of an act is a label, not an index." *Moore* v. *Burdett,* 62 *Id.* 163.

There are many cases in our courts illustrating the application of this provision to legislation. It would be profitless to go over them in detail.

In *Newark* v. *Mount Pleasant Cemetery Co.,* 58 *N. J. L.* 168, 171, it was said, the evil intended to be guarded against was not the inclusion in one act of more than a single matter, but the inclusion therein of matters not properly related among themselves. See *Stockton* v. *Central R. R. Co.,* 50 *N. J. Eq.* 52, 70; *Allen* v. *Board of Education,* 81 *N. J. L.* 135, 141, in which many cases are cited.

We think there is no constitutional infirmity in the title of this statute and therefore this ground of attack must fail.

It is next urged that process should have been served on the chief fiscal officer of the city of Newark, in the suit between this plaintiff, Grace Gillard, and Andrew Wanzyke, the auto bus owner, that the statute requires it and such failure was fatal to the plaintiff under the statute. The answer to this is, the appellant misconstrues the provision of the statute on which reliance is placed. The statute provides that a power of attorney shall be delivered to the fiscal officer concurrently with the filing of the policy, wherein the auto bus owner shall nominate and appoint the fiscal officer his true and lawful attorney, for the purpose of acknowledging service of any process out of a court of competent jurisdiction, to be served against the *insured* by virtue of the indemnity granted under the insurance policy filed.

Process to be served against the *insured* does not mean process to be served against the *insurer.* This, also, is for the benefit of the person injured, so that the auto bus owner cannot escape the process of the courts. Nowhere in the statute is there any provision providing for service of process on the chief fiscal officer of the city in the original action

against the auto bus owner, the insured. This point is without legal merit.

The judgment of the Orange District Court is affirmed, with costs.

