PAULINE TURK

*v.*

ALBERT GOLDBERG et al.

[Decided February 20th, 1920.]

Under the Jitney act (*P. L. 1916 p. 283*) the proceeds of an insurance policy, deposited to answer any liability imposed by law upon the auto bus owner for damages on account of bodily injury or death suffered by any person as a result of an accident occurring by reason of the ownership, maintenance or use of such auto bus upon the public street of the city where such auto bus is licensed to operate, belong to that one of several judgment creditors who first establishes his claim against the owner of the auto bus, and not to all such judgment creditors proportionately.

On bill, &c.   On rule to show cause.

*Mr. Edward R. McGlynn,* for the complainant.

*Mr. John W. McGeehan,* for the defendant Commonwealth Casualty Company et al.

*Mr. Samuel Hollander,* for the defendant Margaret Gaffney.

*Mr. William Harris,* for the defendant Rose Schwartz.

*Messrs. Osborne, Cornish & Scheck,* for the defendant Elizabeth Cooper.

*Mr. John R. Emery,* for the defendant Hugh Murphy.

*Mr. John H. Cooper,* for the defendant Maud E. Spawn.

FIELDER, V. C.

*P. L. 1916 p. 283,* known as the Jitney act, provides in section 3, that the owner of an auto bus shall file with the chief fiscal officer of the city in which the auto bus is licensed and operated, an insurance policy of a company duly licensed to transact business under the laws of this state, in the sum of $5,000, against loss from the liability imposed by law upon the auto bus owner, for damages on account of bodily injury or death suffered by any person or persons as a result of an accident occurring by reason of the ownership, maintenance or use of such auto bus upon the public streets of such city and that such policy shall provide for the payment of any final judgment recovered by any person on account of the ownership, maintenance and use of such auto bus or any fault in respect thereto "and shall be for the use and benefit of every person suffering loss, damage or injury as aforesaid."

The verified bill of complaint alleges that Albert Goldberg was operating a licensed auto bus and had filed in the proper office an insurance policy in the sum of $5,000, conditioned as provided by statute; that while complainant and several other

persons were passengers in this bus, she and they received bodily injuries as the result of a collision between the auto bus and an auto truck and that she has brought suit in the supreme court for $10,000 against Goldberg and the owner of the auto truck for the injuries sustained; that Goldberg is insolvent; that several persons injured in this accident have sued Goldberg and the auto truck owner and some of them have recovered judgments which have been paid by the insurance company to the extent of $2,200, leaving a balance of but $2,800 due on the policy; that several other suits are pending against Goldberg for a total of more than $30,000 and that there may be other injured persons having claims on the insurance money; that the insurance policy was issued for the benefit of all persons injured in the accident in question, but that before complainant can recover judgment, the amount of the policy will be exhausted unless this court interferes. She prays that the insurance company may be restrained from making any further payments on the policy and that the plaintiffs in the pending actions against Goldberg may be restrained from proceeding in such actions (except to obtain final judgments therein or to prosecute an appeal) 'and from attempting to collect from the insurance company. She further prays that the insurance company be directed 'to pay the amount of any final judgments hereafter obtained against Goldberg, to the clerk of this court or to a receiver, for equal distribution among all persons injured in said accident and who may obtain judgments. Goldberg, the insurance company and the plaintiffs in the pending suits against Goldberg, were ordered to show cause why they should not be restrained according to the prayer of the bill and why the amount of the policy should not be paid into court or to a receiver and the matter is now before the court on the return of the rule to show cause.

We must look to the statute to find whether there is anything therein which will justify this court in taking charge of the fund for the purpose of marshaling it for the benefit of all persons who may now, or who might at some future time have an interest therein. *Gillard* v. *Manufacturers Casualty Insurance Co., 104 Atl. Rep. 707; affirmed, 107 Atl. Rep. 448,* holds that

a person who has recovered judgment against the bus owner for injuries resulting from an accident in the operation of the bus on the public streets, may sue the insurance company on the policy and that he is the only one who can sue for the amount of the judgment, his rights being original and primary as against the insurance company by virtue of the statute.

Had the legislature anticipated that the amount of the policy would be insufficient to answer all claims against the bus owner which might grow out of a single accident, or out of several accidents occurring before the policy could be renewed and had it intended that the injured persons should share the policy *pro rata,* I think it would have expressed that intention definitely. It said that before an injured person could have recourse to the policy, he must recover final judgment against the bus owner and it would seem to follow that until he has final judgment, he has no lien on the policy. When he has judgment, he has an interest in the asset which the legislature has required the judgment debtor to provide and he has an original right of action against the holder of that asset, and in case the insurance company refuses to pay on demand, he may proceed to collect by suit and judgment as in other causes of action. Unless the legislature, by the act in question, has expressed an intention to change the law with respect to the collection of judgments against the assets of a defendant this court cannot direct that the assets of an individual debtor be turned over to a receiver for the benefit of all persons who are suing or may sue the debtor and who may recover judgments against him, on the theory that the first person to recover judgment may gain some advantage over the last. I do not find any such intention expressed in the statute. It merely proposes to give those who suffer injury through the bus owner, a special fund from which to collect, in case the bus owner is financially unable to respond in damages. What the legislature has said in effect, is that the policy shall be for the benefit of every person suffering loss, damage or injury who may establish his claim by judgment against the bus owner and proceed to collect from the insurance company in accordance with the law respecting judgments and executions. Had it intended that the amount of the policy

should be shared proportionately by all persons who, within the time fixed by the statute of limitations, might sue and recover judgment against the bus owner, it would have said so, or it would have provided that the policy should be for the benefit of every person injured, to the extent of $5,000 per person. To hold that the policy is for the benefit of all injured persons *pro rata,* would make it necessary for the insurance company to ascertain, before it could safely pay anyone, how many persons might have claims thereon, whether growing out of one accident or several accidents occurring after the policy was written and what the total amount of judgments which might be presented would be.

The situation seems to me to be similar to that which arises under the Mechanics Lien act, in the case of claimants on stop notices. Every person injured by a licensed auto bus may be said to have an inchoate lien upon the insurance policy, which inchoate right can ripen into an actual lien only by the recovery of final judgment against the bus owner and service of notice of the judgment on the insurance company. In the absence of any statutory provision to the contrary, such liens have priority in the order in which they mature and are presented to the insurance company.

The rule to show cause will be discharged.