**TEMPLE et al. v. DUGGER, Adm'x.**

No. 21512.   Opinion Filed March 14, 1933.

Rehearing Denied May 2, 1933.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiffs in error.

Minton & Minton and Freeling & Box, for defendant in error.

BAYLESS, J.   Nellie M. Dugger, administratrix of the estate of J. A. Dugger, deceased, hereinafter referred to as plaintiff, instituted an action in the district court of Dewey county, Okla., against A. T. Temple and T. W. Temple, copartners doing business under the firm name and style of T. & T. Transit Company, hereinafter referred to as bus company, and R. M. Thompson, a bus driver for the bus company, hereinafter referred to as driver.

The plaintiff sought to recover damages for the death of J. A. Dugger, deceased, alleged to have been caused by the negligent operation of a bus owner by the bus company and driven by the driver. Thereafter the Oklahoma Indemnity Corporation, a corporation, and the Southwest Indemnity Corporation, a corporation, its successor, as the insurance carrier of the bus company, were made parties to the action, and the cause was tried upon the issues framed by the amended petition and the answers of all of the defendants. Judgment was for the plaintiff for $6,250, and defendants prosecute this appeal. The parties will be referred to as they appeared in the trial court.

The defendants present four propositions for review, the first being as follows:

"The court erred in overruling the motion and special appearance and denial of jurisdiction of the defendants A. T. Temple, T. W. Temple and R. M. Thompson."

We direct our consideration to the first

proposition of the defendants. The collision, resulting in the death of J. A. Dugger, occurred in Major county, Okla. The defendants, owning and operating the bus company, and the driver were all residents of Harper county. This action was instituted in Dewey county, and summons was directed to the sheriff of Harper county and served upon the defendants Temple individually and as copartners, and upon Thompson, in Harper county. Each of these defendants filed a special appearance and denial of jurisdiction. The denial of jurisdiction of the persons of the defendants is based upon the nonresidence of the defendants in Dewey county or a lack of venue of the action. It is the contention of the defendants that, being individuals, and residents of Harper county, Okla., the venue of the action is that provided in section 117, O. S. 1931 (sec. 207, C. O. S. 1921), which is as follows:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned; except actions against makers of notes, claims, or other indebtedness which have been assigned, sold or transferred by or from the original payee or obligee, which actions against such original maker of such notes, claims, or indebtedness can only be brought in the county in which the said maker of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness resides. Provided, however, this section shall not in any way change or limit section 4671 of the Revised Laws of Oklahoma, 1910."

The plaintiff contends that the venue of the action is governed by section 113, O S. 1931 (section 203, C. O. S. 1921), as follows:

"Actions may be commenced against any transportation or transmission company in the county where any person resides upon whom service of summons is authorized to be made, irrespective of the order in which such persons are named in this chapter, and irrespective of the residence of any superior officer or authorized person upon whom service of summons may be had; or in the county where the cause of action, or some part thereof, may have accrued; or, in any county through which or into which the lines of road or any part of the structure of such company may be, or passes; and the plaintiff may elect in which county he will bring the action."

The evidence introduced by the defendants Temple and Thompson, in support of their respective denials of jurisdiction, shows that A. T. Temple and T. W. Temple, acting as copartners, were operating a bus line through certain counties. in the western part of this state. including Dewey county, under a permit issued by the Corporation Commission of the state of Oklahoma in the exercise of its jurisdiction over transportation companies. We hold that the legal status of the defendants Temple, either as individuals or a copartnership, is immaterial, for we think the question has been heretofore determined by this court.

The case of Ex parte Tindall, 102 Okla. 192, 229 P. 125, is one wherein the question involved was whether or not an individual operating one bus could be classified as a transportation company, and the court in that case held:

"Section 34, article 9, of the Constitution, contains the following definition:

"'The term "public service corporation" shall include all transportation and transmission companies, all gas, electric light, heat and power companies, and all persons authorized to exercise the right of eminent domain, or to use or occupy any right of way, street, alley, or public highway, whether along, over, or under the same, in a manner not permitted to the general public; the term "person" as used in this article shall include individuals, partnerships and corporations, in the singular as well as plural number.'

"'Public service concerns' of the state are subject to regulation and control by the state. Sections 18-34, article 9, of the Constitution. Therefore, petitioner, although a private individual, and as such entitled to all the privileges and immunities accorded to all private citizens, entitled to equal protection with all private citizens as to the private rights and privileges inuring to citizenship, as such, yet when he comes before the law as a 'public service entity,' seeking to render a public service for hire and profit, he thereby, so far as his business is concerned, and so far as his right to operate such business is concerned, absolves himself from the distinct rights of a private citizen, and stands in the class with other 'public service. enterprises.'"

A "transportation company" is defined in section 34, art. 9, of the Constitution of the state of Oklahoma as follows:

"As used in this article, the term 'transportation company' shall include any company, corporation, trustee, receiver, or any other person owning, leasing, or operating for hire, a railroad, street railway, canal, steamboat line, and also any freight car company, car association, express company, sleeping car company, car corporation, or company, trustee or person in any way engaged in such business as a common carrier over a route acquired in whole or in part under the right of eminent domain, or under any grant from the government of the United States. * * *"

We hold that, as to the defendants Temple, their business was that of a transporta-

tion company and the venue of the action as to them was properly laid in Dewey county, Okla., one of the counties, "* * * through which or into which the lines of road or any part of the structure of such company may be, or passes * * *" (section 113, O. S. 1931). The special appearance and denial of jurisdiction as to the defendants Temple was properly overruled. The venue of the action as to the defendants Temple, part of the defendants to the action, being fixed in Dewey county, and they having been legally served with summons, as required by law, the court had jurisdiction of the action to authorize it to send into any other county in the state to serve any other defendant who was a proper party to the action. Section 117, O. S. 1931 (section 207, C. O. S. 1921), supra. Therefore, the court properly overruled the special appearance and denial of jurisdiction of the defendant Thompson.

The defendants present their second assignment of error, which is as follows:

"The court erred in overruling the separate motion of the defendants Temple and Temple and R. M. Thompson, to dismiss on account of misjoinder of parties, and the court erred in overruling the demurrer of the Southwest Indemnity Corporation on the ground of misjoinder of causes of action."

With reference to this assignment of error it becomes necessary for us to construe section 3697, O. S. 1931, which provision is:

"No certificate of convenience and necessity shall be issued by the Corporation Commission to any motor carrier until and after such motor carrier shall have filed with the Corporation Commission of this state a liability insurance bond in some company authorized to do business in this state in such a penal sum as the Corporation Commission may deem necessary to adequately protect the interest of the public, with due regard to the number of persons and amount of property involved, which liability insurance shall bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the operation of such motor carrier. * * *"

It will be noted that since this cause of action arose, our Legislature has amended this statute in chapter 253 of the acts of the Special Session of the 12th Legislature in 1929 (sec. 3708, O. S. 1931), wherein section 10 provides as follows:

"* * * A copy of such policy or bond shall be filed with the Corporation Commission, and after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same and shall be a proper party so to do."

In construing the authorities cited by the parties to this action, it will be noted that said authorities are in conflict. The defendants quote at length from the cases of Smith Stage Co. v. Eckert (Ariz.) 184 P. 1001, 7 A. L. R. 995, Shepherd v. Pocahontas Transp. Co. (W. Va.) 131 S. E. 548, and O'Neal v. Pocahontas Transp. Co. (W. Va.) 129 S. E. 478. However, from an examination of these authorities, in those jurisdictions the courts have laid down the general rule that an action based upon contract cannot be joined with an action based upon tort, and the plaintiff contends that the law as laid down in those cases is not applicable in this jurisdiction, and in support thereof directs our attention to section 219, C. O. S. 1921 [O. S. 1931, sec. 152], which statute provides as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein"

—and, also, section 266, C. O. S. 1921 [O. S. 1931, sec. 199], which statute provides as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes:

"First: The same transaction, or transactions, connected with the same subject of action. * * *

"But the causes of action so united must all belong to one of these classes, and must affect all parties to the action."

In the case of Panther v. McKnight, 125 Okla. 134, 256 P. 916, the first syllabus paragraph reads as follows:

"Cause of action on contract may be joined in separate count with cause of action on tort when both causes of action arise out of the same transaction."

It will be noted from the citation above quoted that the rule as laid down in the Arizona and West Virginia cases is not applicable in this jurisdiction.

The case of Devoto v. United Auto Transp. Co. (Wash.) 223 P. 1050, was an action wherein the insurance company was joined as a party defendant under a similar statutory provision. While in this case the court sustained the joinder on the theory that a statutory provision existed permitting joinder to be made in cities of the first class, and the court held that it would not be contemplated that the Legislature intended to give residents of cities of the first

class an advantage over other residents, but in the body of the opinion the following language is used:

"This seems evident when we consider that if appellant's construction were to be adopted, it would be necessary to urge two suits to recover upon one cause of action, and in the second action against the surety it would of course be urged that it was not bound by the judgment against the principal which it had no opportunity to defend against and would insist upon its right to its day in court."

In the case of American Auto. Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534,, the plaintiff Struwe was injured by the defendant Zunker, who was operating a service car and carried liability insurance. The insurance company was joined as a party defendant and it demurred on the ground of improper joinder of causes of action, and also on the theory that the action was prematurely brought. The court in that case held:

"Under the laws of Texas a dual suit will always be avoided whenever all parties can have a fair trial when joined in one suit."

Also:

"The pleas were properly overruled because under the laws of Texas a dual suit will always be avoided. Struwe could have sued Zunker and recovered judgment and then sued the insurance company, but the law does not make it imperative that he should so do, but permits him to dispose of the whole matter in one suit. The Texas statute permits two causes of action to be joined in one suit where they arise out of the same transaction. All parties against whom the plaintiff asserts a common or an alternative liability may be joined as defendants."

The case of Gillard v. Manufacturers Casualty Ins. Co. (N. J.) 104 Atl. 707, was an action upon a judgment which had previously been obtained against the bus company. In discussing the liability of the insurance company on the statutory policy, the court uses the following language:

"The policy of insurance is filed only for the benefit of persons who might suffer injury. It is not filed for the benefit of the city. The city is under no liability which the policy indemnifies it against. The statute was passed only for the benefit of the injured person. The sole beneficiary of the statute is the person injured. The injured person is the only one who can sue under the policy, and cite the statute in support of the action. The injured person's rights in the policy of insurance are original and primary, not derivative and secondary. The first ground of attack therefore fails, because the premise on which the argument is based is not true in point of fact."

Therefore, under the language of the statute, inasmuch as the insurance was required as a condition precedent to the defendants' right to operate a motor bus, and also in view of the fact that the purpose of the policy was to adequately "protect the interest of the public" and "to bind the obligors thereunder to make compensation for injuries to persons and loss of or damage to property resulting from the operation of such motor carrier," the joinder of the insurance company and bus company was proper.

The record in this case does not contain a copy of the insurance policy, and for that reason we are unable to determine whether or not the demurrer should have been sustained as between the driver and the insurance company upon the theory that he was not affected by plaintiff's cause of action against the insurance company, but we deem it unnecessary to further discuss this question for the reason that all of the defendants joined in the petition in error and jointly present the assignments of error therein contained, and this court, in the case of Niles v. Citizens Nat. Bank of El Reno, 110 Okla. 146, 236 P. 414, in the syllabus holds:

"A joint assignment of error must be good as to all who join in it or it will be good as to none."

See, also, W. T. Rawleigh Co. v. Riggs, 123 Okla. 42, 252 P. 428.

The third assignment of error is as follows:

"The court erred in specifically calling the jury's attention to the fact that the indemnity corporations were joined in the case. The court had already sustained the motion to eliminate this information entirely from the jury, but in his instructions to the jury the court specifically named the two indemnity corporations as defendants, and told the jury that the court himself would control the judgment as to them. By so doing the court violated the very purposes for which the motions were made, that is, to keep from the jury any information to the effect that the transit company was indemnified by insurance."

During the trial of said cause and prior to the submission of the case to the jury, the defendants filed a motion in the case, which motion, wtihout waiving any of the rights which had heretofore been urged, agreed that if judgment were rendered against the other defendants, the court might render judgment against them in such sum as the jury might find for the plaintiff, not to exceed the sum of $5,000, the amount of the policy, and they requested that the court refrain from making any reference

to the said insurance company in the trial, which motion was sustained by the court, and the defendants claim that the court violated this agreement when he named the insurance company in the caption of the instructions, and also when he advised the jury that in the issues to arise afterwards the court would attend to the other said defendants.

The defendants quote from the case of Yoast v. Simms, 122 Okla. 200, 253 P. 504, to support their position. However, we feel that this question is not before us, having herein held that the insurance company .was a proper party. We, therefore, hold that no error was committed by the trial court in this respect.

The defendants' fourth assignment of error is as follows:

"Plaintiff's testimony is wholly insufficient to sustain the verdict."

It is true in connection with this assignment of error that the evidence is in sharp conflict, but, from an examination of the record, we are forced to the conclusion that there was some testimony introduced to sustain a verdict of negligence, and this court, in the case of Whitney v. Miller, 158 Okla. 294, 13 P. (2d) 110, lays down the general rule which has been consistently followed by this court. This rule is contained in the second syllabus paragraph, and is as follows:

"Where a general verdict has been rendered and judgment rendered on the verdict, and the evidence is conflicting, and there is competent evidence to sustain the verdict, this court will not disturb the verdict and substitute its judgment for that of the jury."

The judgment of the trial court is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, and WELCH, JJ., concur. McNEILL and BUSBY, JJ., absent.