## JOHNSON v. MARTIN.

No. 26239. June 16, 1936.

282

Sigler & Jackson, for plaintiff in error.

Champion, Champion & Fischl, for defendant in error.

PER CURIAM. Plaintiff in error was defendant and defendant in error was plaintiff in the lower court and they will be so referred to respectively. Defendant was a resident of Fort Worth, Tarrant county, Tex., and did business as Johnson Motor Lines and as such was the sole owner of and operated a motor truck or freight line out of Fort Worth into Oklahoma and Carter county. He maintained an office in Ardmore, Okla., and one T. M. Wagley, residing in Ardmore, was the manager of said truck line in Carter county. The plaintiff sued Johnson Motor Lines as defendant before a justice of the peace in and for Carter county, Okla., upon a debt alleged to be due for salary. The summons commanded the constable to summon Johnson Motor Lines. The return of the constable was as follows:

"Received this writ this 14 day of Aug. 1934, at 4 o'clock p. m., served the same by delivering a copy thereof, with the endorsement thereon duly certified to the within named defendant Mgr. Johnson Motor Co."

Johnson Motor Lines appeared specially through its attorneys and filed a motion to quash summons, and as the only grounds for its motion set out that the Johnson Motor Lines is a trade-name and that same is owned and controlled by W. A. Johnson; that no other person other than W. A. Johnson has any interest in said Johnson Motor Lines; that the said W. A. Johnson lives in Fort Worth, Tex., and that no service of summons was made upon defendant W. A. Johnson, and no service of summons was made upon defendant Johnson Motor Lines herein; that the person purported to be served herein has no interest in Johnson Motor Lines and that the attempted service upon said T. M. Wagley is null and void and of no force and effect. No other objection of any kind whatsoever was made to the form, sufficiency, or regularity of the summons or its return. W. A. Johnson appeared before the justice and testified in the hearing upon the motion to quash summons. He testified that he resided in Fort Worth, Tarrant county, Tex.; that he was the sole owner of the Johnson Motor Lines and that Johnson Motor Lines is a trade-name and he operated the truck line out of Fort Worth into Oklahoma and Carter county, and that no summons was served upon him. Defendant further testified to the fact that he maintained an office in Ardmore; one T. M. Wagley, who lives in Ardmore, was the manager of the truck line and represented him in the transaction of business; that said manager was a regular employee of the company; that the summons was served upon T. M. Wagley, who mailed the same to this defendant. The defendant further testified that he never named or designated an agent in the county upon whom service could be had. The justice of the peace overruled the motion to quash summons. The case then proceeded to trial on the merits. Plaintiff testified in direct and was then cross-examined by the attorney for defendant. No evidence was introduced on the part of defendant, and the justice rendered judgment in favor of plaintiff in the sum of $196, the full amount prayed for in the bill of particulars.

Defendant duly filed a petition in error in the district court of Carter county for a review of the proceedings and judgment of the justice court on a bill of exceptions. Following this, plaintiff filed a motion in the district court to dismiss on the grounds that no proper bill of exceptions had been filed; that the court did not have jurisdiction over this plaintiff in said proceedings; and third, that the defendant had entered his general appearance in this case by asking for affirmative relief on nonjurisdictional grounds, and thereby waived any error in the service of process upon him. A hearing on said motion to dismiss was had, and the district court ruled that defendant had entered his general appearance in the cause and that the cause should be considered upon its merits. The court proceeded to determine the matter upon the testimony introduced in the justice court and found that such testimony was sufficient to support the judgment of the justice court and affirmed the same.

Defendant for reversal of the judgment of the district court assigns as error the following:

(1) That the court erred in sustaining the motion to dismiss the petition in error upon the ground and upon the theory that the plaintiff in error had made a general appearance in the district court.

(2) That the court erred in sustaining the motion to dismiss the petition in error.

(3) That the court erred in affirming the judgment of the justice of the peace.

(4) That the judgment herein rendered is contrary to the law and evidence.

It will be unnecessary to consider the first two assignments of error in determining this cause. This cause resolves itself upon two questions of law.

(1) Was valid service of summons had upon the defendant?

(2) Is the judgment contrary to the law and evidence?

Defendant contends that the service in this case was not sufficient to confer jurisdiction upon the court. Defendant does not question the form of the summons or return or regularity thereof in any respect, but relies upon the sole argument that the service of summons upon T. M. Wagley as manager of Johnson Motor Lines did not constitute lawful service upon defendant. We rule against this contention for the following reasons:

Section 178, Oklahoma Statutes 1931, provides as follows:

"Every railroad company and every stage company doing business in this state, or having agents doing business therein for such company, is hereby required to designate some person residing in each county into which its railroad lines or stage route may or does run, or in which its business is transacted, on whom all process and notices issued by any court of record or justice of the peace of such county may be served."

Section 179 provides how the appointment of agent shall be made, and section 180 provides as follows:

"If any railroad or stage company fail to designate or appoint such person, as provided and required in the preceding sections, such process may be served on any local superintendent of repairs, freight agent, agent to sell tickets, or station keeper of such company, in such county or such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed to be a true copy, at any depot or station of such company in such county, with some person in charge thereof, or in the employ of such company, and such service shall be held and deemed complete and effectual."

The use of the term "stage company" by the Legislature in the enactment of said statutes was intended to include all corporations, companies, partnerships, firms or individuals owning or operating a stage line. Defendant Johnson in the ownership and operation of Johnson Motor Lines was governed and regulated by said statutes and he was thereto personally amenable.

Chicago Dock & Canal Co. v. Garrity et al., 115 Ill. 155, 3 N. E. 448. Efland et al. v. Southern Ry. Co., 146 N. C. 135, 59 S. E. 355. Section 113, Oklahoma Statutes 1931, provides for venue of actions against transportation or transmission companies in the county where any person resides upon whom service of summons is authorized to be made, and in applying and construing said statute, this court, in the case of Ex parte Tindall, 102 Okla. 192, 229 P. 125, cited with approval in Temple et al. v. Dugger, 164 Okla. 84, 21 P. (2d) 482, declared as follows:

" 'Public service concerns' of the state are subject to regulation and control by the state. Sections 18-34, article 9, of the Constitution. Therefore petitioner, although a private individual, and as such entitled to all the privileges and immunities accorded to all private citizens, entitled to equal protection with all private citizens as to the private rights and privileges inuring to citizenship, as such, yet when he comes before the law as a 'public service entity,' seeking to render a public service for hire and profit, he thereby, so far as his business is concerned and so far as his right to operate such business is concerned, absolves himself from the distinct rights of a private citizen, and stands in the class with other 'public service enterprises.' "

This form of service is a substitute service and must not be confused with constructive service. The enactment of said laws creating such form of service so as to bind defendant personally to a judgment thereunder is within the governmental power and function of the Legislature and is within the reasonable exercise of the police power of the state. Hess v. Pawloski, 274 U. S. 352, 47 Sup. Ct. 632; Pawloski v. Hess, 250 Mass. 22, 144 N. E. 760, 35 A. L. R. 945.

Is the judgment for $196 contrary to the law and evidence of this case? The evidence established that defendant became indebted to plaintiff in the sum of $196. Defendant gave plaintiff a check in the sum of $68 during the period the indebtedness was accruing. This check was protested and unpaid. Defendant contends that plaintiff should have sued upon this check as part of the cause of action. No proof was introduced or offered to the effect that this check was in the hands of any other person as owner or holder. Its having been unpaid and protested, it did not constitute any form of payment and plaintiff could disregard and ignore such check and sue upon the debt in its original form. Defendant could undoubtedly have had the return of

284

this protested check if he had demanded the same. Plaintiff in his testimony admitted receiving a check from the defendant in the sum of $15 on which he received such amount of money, and admitted in his testimony that defendant was entitled to credit for such payment of $15. The court in its judgment failed to take into account this payment. Judgment should therefore be reduced in said sum.

It is therefore the order of this court that judgment in favor of plaintiff be affirmed to the extent of $181, interest from July 1, 1934, and costs.

The Supreme Court acknowledges the aid of Max G. Cohen and Ray S. Fellows in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cohen and approved by Mr. Fellows, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS, J., absent.