## GRAVES et al. v. HARRINGTON.

No. 26089.   June 23, 1936.

Rehearing Denied Sept. 15, 1936.

George F. Short and Welcome D. Pierson, for plaintiffs in error.

Priest & Belisle, for defendant in error.

RILEY, J.   This action was commenced by defendant in error, Geneva Harrington, a minor, by J. J. Harrington, next friend, against H. W. Graves, Dixie Cab Company, a corporation, and Central Mutual Insurance Company, a corporation, to recover damages for personal injury.

Defendant Graves was the owner of a taxicab in the service of the Dixie Cab Company, which was engaged in the operation of motor cabs in Oklahoma City. The Central Mutual Insurance Company issued a liability insurance policy under an ordinance of the city of Oklahoma City regulating the operation of taxicabs in said city. The ordinance, among other things, provided, as a condition precedent to the issuance of any license for any taxicab, that the owner should file with the city clerk either an insurance policy providing $5,000 individual and $10,000 group liability insurance coverage for each taxicab owned, operated, or leased by the applicant, or a bond in the sum of not less than $5,000 for each and every taxicab to be licensed. The condition required of the bond or insurance contract was that "the applicant will pay or cause to be paid any and all damages, either to property or person, including death of such person, proximately caused by the negligence of such applicant or owner, or his agents, or his employees, in the operation or maintenance of such taxicab." The policy issued by the insurance company was to H. W. Graves and Dixie Cab Company. They were described as the assured. Clause "A" of the insurance agreement provided "against loss from liability imposed by law upon the assured for damages on account of bodily injuries including death resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons, caused by or through the ownership, maintenance, or operation of any automobile described in the schedule and used for the purposes named therein."

The plaintiff, an infant, then about three months old, was riding in the lap of her mother, in the front seat of an automobile being driven by her father, J. J. Harrington. She was injured in a collision between said automobile and a motor cab owned by defendant Graves and leased or rented to the Dixie Cab Company. The allegation is that the collision and plaintiff's resulting injury were caused by the neg'igence of the driver of said cab, while making what is termed a "U" turn at the intersection of Robinson and South Second streets in Oklahoma City.

Plaintiff suffered a fracture of the skull. She alleged permanent injuries. The limit of coverage in the policy for such injury was $5.000. Judgment was against all the defendants jointly and severally in the sum of $5,000, and against defendants Graves and Dixie Cab Company jointly and severally in an additional sum of $5,000.

The first proposition presented on appeal goes to the question of joining the Central Mutual Insurance Company as a party defendant. It is conceded that this is permissible under the rule announced in Temple et al. v. Dugger, 164 Okla. 84, 21 P. (2d) 482.

In Jacobsen et al. v. Howard, 164 Okla. 88, 23 P. (2d) 185, it is held:

"An action may be maintained against a motor carrier, as defined by the provisions of section 3692, O. S. 1931, and his liability insurance bondsmen, under the provisions of section 3697, O. S. 1931, jointly, and it is not necessary that the cause of action be split and the liability of each set out in separate counts."

And:

"Under the provisions of section 3697, O. S. 1931, a motor carrier and his liability insurance bondsmen are jointly liable to make compensation for injuries to persons resulting from the operation of such motor carrier, the liability being created by statute, and such injury constitutes one cause of action against the joint defendants, and not a separate cause of action against each of them."

It is asserted that Temple v. Dugger, supra, was based largely upon American Automobile Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534, and Devoto v. United Auto Trans. Co., 128 Wash. 604, 223 P. 1050. The more recent holding of the Supreme Court of Texas in Grasso v. Cannon Ball Motor Freight Lines, 81 S. W. (2d) 482, is cal'ed to our attention and the former decisions are sought to be disparaged.

The Dugger and Jacobsen Cases in Oklahoma arose under section 3697, O. S. 1931. This section of the statute was later amended by section 10, ch. 253, S. L. 1929. Section 3708, O. S. 1931, after requiring a liability policy or bond covering public liability and property damage as a prerequisite to the issuance of a certificate of convenience and necessity or permit to a motor carrier, provides:

"A copy of such policy or bond shall be filed with the Corporation Commission, and after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same and shall be a proper party so to do."

The case at bar arose under the ordinances of the city of Oklahoma City, and not under the state laws regulating motor carriers. Section 3708, supra, has no application.

As stated above, the Supreme Court of Texas in the Grasso Case, supra, held the joinder of the insurance company improper. However, the earlier Struwe decision was not overruled, but cited in the Court of Civil Appeals opinion in the same case, 59 S. W. (2d) 337, 341, with these words: "We are not in conflict with American Auto. Ins. Co. v. Struwe." In Texas there is no statute specifically permitting such joinder. The Texas statute providing the bond or insurance policy merely requires that such bond or policy shall provide that the obligor will pay, to the extent of the face amount of such insurance, all judgments which may be recovered against the motor carrier, etc. Thereunder it is held that the person injured must first obtain a judgment against the carrier, and then, if not paid, the judgment creditor may sue the insurer on the judgment.

Defendants cite Smith Stage Co. v. Eckert et al., 21 Ariz. 28, 184 P. 1001, as supporting their contention. That case was considered in Temple v. Dugger, supra, and this court declined to follow the rule therein announced. That case is not applicable under the holding in Temple v. Dugger, supra, because the statute of Arizona is different from our statute. The Arizona court held that the petition stated two separate causes of action, one against the stage company for negligence, and one against the indemnity company on contract. That decision points out that the statute, paragraph 427, Civ. Code, 1913., forbids the joinder of such actions, whereas, the statute of Oklahoma, section 199, O. S. 1931, permits the joinder of such actions. The Arizona case is not at all applicable under the rule adopted in Jacobsen v. Howard, supra. Therein we held there was but one cause of action, viz., the injury to the person of the plaintiff and failure of the motor carrier to make compensation.

O'Neal v. Pocahontas Trans. Co., 99 W. Va. 456, 129 S. E. 478, is urged upon us. It follows substantially the Arizona case of Smith Stage Co. v. Eckert, supra. It refers to no statute prohibiting the joinder of action ex contractu with actions ex delicto. However, the Arizona statute is but declaratory of the common-law rule. In the absence of a statute to the contrary allowing such joinder, the common-law rule would apply. The West Virginia cases also hold that there are two causes of action. But there is also a well-recognized distinction made between a contract of indemnity against liability for damages and a simple contract of indemnity against damages. Anoka Lbr. Co. v. Fidelity & Cas. Co. (Minn.)

65 N. W. 353; Fenton v. Fidelity & Cas. Co. (Ore.) 56 P. 1096.

The prevailing doctrine is that if the indemnity is clearly one against loss suffered by the assured, no action can be maintained on the policy until some loss or damage has been shown, but if the contract indemnifies against liability, a right of action accrues against the principal and the surety company when the injury occurs. Clark v. Bonsal & Co., 157 N. C. 270, 72 S. E. 954, 48 L. R. A. (N. S.) 270.

Where the insurance is against liability or against liability imposed by law, or against loss from liability imposed by law, it is generally held that the insurer may be joined with the insured in an action for damages arising from the negligence of the insured. Thompson v. Bass (S. C.) 166 S. E. 346; Heinzen v. Underwriters Casualty Co. (Wis.) 243 N. W. 448; Benn v. Camel City Coach Co. (S. C.) 160 S. E. 135; Lopez v. Townsend (N. M.) 25 P. (2d) 809.

The city ordinance requires insurance against liability, and not indemnity against loss or damages. The distinction is almost universally recognized.

Here, as in the case of McLaughlin v. Shelton Auto Transportation Co. et al. (Wash.) 246 P. 575, it is urged that the rule followed by this court in the matter of joinder is prejudicial to insurance companies in such actions, because it permits juries to be informed that the motor carrier is insured, and it is said this naturally results in larger verdicts in such cases. This argument was answered by the Supreme Court of Washington as follows:

"It may be said, indeed, that it is universally known that such public carrier companies are required by law to have carrier insurance for the benefit of all persons and property negligently injured, and the prejudicial effect upon juries of joining a tortious defendant with the insurer no longer obtains."

The same question is considered in Milliron v. Dittman et al. (Cal.) 181 P. 779. Therein it is said:

"The jury would presumably know in any event that the operator was insured, since the law requiring the filing of the bond was one of which all persons would be presumed to have knowledge. Nor can we doubt that the casualty company must be presumed to have taken the knowledge of the jury into account in fixing its charges for executing a bond or policy of insurance issued in assumed pursuance of an ordinance unequivocally prescribing that the bond should be enforceable in favor of the persons in-

jured by the act of the operator of the motorbus."

See, also, Benn v. Camel City Coach. Co., supra.

It is our firm and fixed opinion that jurors should not, by a rule of law of doubtful efficacy, be blinded to that which everyone knows.

We see no good reason for departing from the rule stated in Jacobsen v. Howard et al. supra.

Under a group of five assignments of error, defendants present the question of sufficiency of the evidence and allege excessive recovery. Thereunder it is urged that the court erred in overruling the demurrer of defendants to the evidence and a motion for a directed verdict. There was no error therein. There is ample evidence to justify submission to the jury of the question of negligence and resulting injury.

Under a separate assignment, defendants contend that the court erred in the instruction on the measure of damages, wherein the jury was told, "You will take into consideration the nature and extent of her injuries, if any, and whether they are temporary or permanent." It is to the phrase, "and whether they are temporary or permanent," that defendant objects. It is contended there is no evidence whatever upon which to base the question of permanent injury.

The injury suffered was a fracture of the skull. The medical or expert testimony for the most part was to the effect that recovery was fairly complete, or would be so. An operation was necessary, and in performing the operation it was necessary to drill a small hole in the indented portion of the skull and insert an instrument and lift the indented portion as near the natural position as possible. At the time of the trial the bone removed in drilling the hole had not been fully replaced. The question of permanency of injuries of this character is necessarily one to be determined from the testimony of experts. The child plaintiff was about nine months old at the time of trial. One witness testified:

"The child shows no desire to speak or to stand, hold up or put its feet down, and it shows no desire to use its legs at all, and I would say there is a strong probability of epilepsy or paralysis at some future date."

In the very nature of injuries such as here future suffering and the like are problematical. No expert is able to say with certainty in a case like this that the injury is or is not permanent. At best he can only express an opinion based upon his special training and experience.

A plaintiff is not required to prove beyond a reasonable doubt the future effect of his personal injuries. In some cases it is said there must be some evidence reasonably tending to show to a reasonable certainty permanent injury. But this reasonable certainty does not mean absolute certainty, it means reasonable probability. 1 Sedgwick on Damages (8th Ed.) sec. 172. Here the evidence presents a "strong probability." We conclude there was evidence sufficient to present to the jury the question of permanent injury.

The court, in effect, instructed the jury that plaintiff, situated as she was, was not responsible for the negligence of the driver of the automobile. Of this the defendants complain. There is no room for the doctrine of imputed negligence in this case. A child three months old could hardly be charged with the responsibility of direction or even choosing the driver of the automobile.

Defendants complain of refusal to give an instruction offered by them on the question of sudden emergency.

The principle is applicable where the supposed emergency is brought about without the fault of the one acting. In this case it could not be said that the driver of the taxicab was confronted with an emergency brought about without his fault.

We now come to the assignment alleging excessive damage.

In this we think there is insufficient merit. Under the evidence in the record, there is evidence of a strong probability of baneful future effects of the injury. The evidence as a whole justifies a verdict and judgment of $10,000.

There were two separate verdicts, one for $5,000 against all the defendants, and one for $5,000 against the defendants other than the insurance company. Defendant Graves and the Dixie Cab Company must respond in damages for the assessed consequences of their negligence in this action, for the additional sum of $5,000 over and above that to which the insured by its contract limited itself.

Judgment affirmed.

OSBORN, V. C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.