Robert L. HUMPHREY and John Lawrence, Members of the Excise Board of Carter County, Oklahoma; Huss Standifer, Jim Godwin and Ronnie Young, Chairman and Commissioners of Carter County, Oklahoma; and Carter County, Oklahoma, Appellants,

v.

W. Robert DENNEY, Sheriff of Carter County, Oklahoma, and Billie Williams, Clerk of the District Court of Carter County, Oklahoma, Appellees.

Nos. 61308, 61309.

Supreme Court of Oklahoma.

June 14, 1988.

John L. Harlan, Sapulpa, for appellants.

Burke G. Mordy, Ardmore, for appellees.

Ronald E. Worthen, Dist. Atty., Robert M. Highsmith, Asst. Dist. Atty., Carter County, for amicus curiae.

SIMMS, Justice:

Appeal from the grant of a writ of mandamus below, commanding the appellants, Excise Board of Carter County and Board of County Commissioners to review the estimate of needs and budget requests of the Appellees, Sheriff of Carter County and District Court Clerk, and to approve them as submitted if said estimates of need were within the county's revenue. The facts are undisputed.

The appellees submitted their estimate of needs and budget requests for fiscal year 1983–1984 for approval by the Carter County Excise Board. After the Board had received budget requests from all county agencies, it became obvious to the Board that the requests exceeded the revenues available. The Board then notified all county agencies that revised, lower requests were needed, in an effort to overcome the budget shortfall. After all new requests had been received, however, the shortfall still existed. At this time, the Board notified all agencies that additional cuts of 21% were being made in all budgets.

The anticipated shortfall was in excess of $800,000. At the time, the county also had available $402,000 in surplus Federal Revenue Sharing funds that the Board did not consider in assessing the total revenues available. At the time the Board ordered all agencies to reduce their budgets by 21%, the Board authorized the funding of $240,000 to the County Assessor for hiring independent assessors to perform statutorily required re-evaluation of property in the county. Upon learning about this funding authorization, the appellees separately filed their "Petition for Alternative Writ of Mandamus" in district court, seeking an order requiring the Board to approve the budget requests for their respective agencies in full.

I.

Three issues are presented on this appeal.

The first issue we discuss is whether the trial court erred in ordering the Excise Board of Carter County *not* to reduce the budget of agencies exercising constitutional functions.

 This issue is resolved by applying the plain language of the controlling statute, 68 O.S.1981, § 2487. This statute sets out the priorities of funding when counties face budget shortfalls. The pertinent provision of that statute states that when the

County Excise Board is faced with budget requests that exceed revenues available for the fiscal year in question:

"the excise board *will* proceed to revise the [estimates of need] by reducing items, *in whole or in part,* in the following order: (a) first apply such revision by reduction of items for governmental functions merely authorized but not required; (b) if further reduction be necessary, second, by reduction of items required by the Legislature but not within Constitutional requirement; (c) *if still further reduction be necessary and no other items remain,* third, by reduction of items for Constitutional governmental functions until the total thereof be within the income and revenue provided." 68 O.S.1981, § 2487(5). (emphasis added)

We think it abundantly clear from the plain wording of this statute that paramount concern is placed on the adequate funding of Constitutionally mandated governmental functions, such as the operation of the sheriff's department and court clerk's office. Several key phrases in this statute mandate the result we reach here.

First, we think that it is significant that the legislature chose the order of reduction to be "in whole or in part". This is direction to the County Excise Boards to completely eliminate a governmental function that is "merely authorized" before reducing funding for legislatively created functions. This conclusion is further supported by the use of the phrase *"if* further reduction be necessary". This is a qualified grant by the legislature allowing an Excise Board to reduce funding for those agencies *if* necessary after reducing merely authorized functions *in whole* or in part. The heirarchy is further emphasized in subparagraph (c) where the statute says that if additional reductions are "still" necessary, and "no other items remain" the Board may reduce funding for Constitutional governmental functions.

The goal of statutory construction is always to follow the legislative intent. *Hess v. Excise Board of McCurtain County,* Okl., 698 P.2d 930 (1985). We presume the legislature intended what it expressed in a statute and the plain language of a statute will be followed without further inquiry. *Matter of Hamm Production Company,* Okl., 671 P.2d 50 (1983). There was no error here.

## II.

The second issue to be addressed is whether the trial court erred in directing the County Excise Board to consider surplus federal revenue sharing funds on hand when evaluating the budgets of county officials and determining county income and revenue available to meet those budget requests. We are of the opinion that the trial court was correct in its determination.

The appellants argue that the excise board is prohibited by statute from considering revenue sharing funds when determining the amount of revenue available. 68 O.S.1981, § 2484.[1] The appellants rely on language in the statute which states that it shall be unlawful for the board to consider "any revenue from nonrecurrent sources" and "federal aid allotments of every kind". Here, the appellants misread the statute. Section 2484 specifically states that "shared revenues of the federal government, if ascertainable, shall be allowed to be included in the estimates" of revenue available to fund county governmental functions. 68 O.S.1981, § 2484(A). The language, "shall be allowed to be included" expresses directive to the Board to include such ascertainable revenue sharing funds. Evidence in the record shows that the $405,000 was not only ascertainable, but was on hand for appropriation. The trial court correctly ruled that the County Excise Board did not make its decision regarding this source of funds according to law.

## III.

The final issue for resolution relates to the County Assessor's request for $240,000 to be used "as needed" to hire independent contractors to assist the assessor in re-evaluation of property in the county. The

1. Sec. 2484 was amended in 1985 in certain particulars not germane to this appeal.

County Assessor of every county in Oklahoma is charged by statute with the duty of property re-evaluation every five years. 68 O.S.1981, § 2481.3.

Title 19 O.S.1981, § 162, authorizes county officers, such as the assessor, to hire deputies; their appointment, however, is subject to approval by the excise board in its annual budget review. Section 180.65 of that title provides that the assessor shall have the number of assistants or technical help as that officer may propose and establish a need, all subject to approval by the county excise board. 19 O.S.1981, § 180.65(A). Sub-section (D) of that statute sets salary limitations on those assistants.

The appellants strongly argue that it was error for the trial court to order the excise board to review this appropriation and that it was additional error by the trial court to order the excise board to give greater priority to the sheriff and court clerk's budget request than given the assessor.

■ The trial court was correct in its determination for two reasons. First, as we have already indicated, the offices of the court clerk and county sheriff, being constitutional functions, must receive priority in funding over functions which are merely legislatively mandated. 68 O.S. 1981, § 2487(5). Secondly, the assessor's request for a blanket appropriation of $240,000 without a showing of need, does not meet the statutory requirement for funding assistants as set out in 19 O.S. 1981, § 180.65:

"A. The officers ... shall have such number of regular or technical deputies, assistants, ... or other help, ... at such rates of salary or pay, subject to the provisions of this section as hereinafter set forth, as the principal officer may propose *and establish the need of and which the county excise board may approve ...*"

The record shows that the assessor's budget request for these assistants merely ' requested the funding, saying "estimate of needs not set out, contractor to use as necessary." Since the Excise Board is charged with the duty of reviewing each item in an estimate of needs, 68 O.S.1981, § 2487(2), the trial court was correct in concluding that the excise board acted without authority in approving an uncontrolled expenditure of such an amount in a year of budget shortfalls. The record shows, on its face, that the excise board acted arbitrarily and in disregard of the controlling statutes on this request. There is no error here.

Accordingly, the order of the District Court of Carter County is AFFIRMED.

All the Justices concur.