Dear Chairman Wingert
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Does 11 O.S. 50-112(A) (1988) require airport policeofficers and lake and park rangers to take and pass aphysical-medical examination at the time they transfer theirretirement membership to the Oklahoma Police Pension andRetirement System ("OPPRS" or "the System") pursuant to 11 O.S.50-112(B) (1988), if they took and passed amunicipally-required physical-medical examination equivalent tothat required for those officers transferred to membership inOPPRS by Legislative edict in 1980?
 INTRODUCTION
¶ 1 The Oklahoma Police Pension and Retirement System ("OPERS") was created by the Legislature in 1980, see, Okla. Sess. L. 1980, c. 356, 2, to supplant the prior system of municipally funded and controlled pension systems. See, generally, 11 O.S. 50-101
(1977) et seq. Membership in the municipal systems, prior to 1980, required new police officers to pass a physical-medical examination at the time of their initial employment. The requirements of the examination were to be determined jointly by the municipality and the board of trustees of the municipal retirement system. 11 O.S. 50-112 (1977). Most officers who were members of the municipal police retirement systems in 1980 had their memberships transferred to the State System automatically when their employing municipalities exercised an irrevocable option to join the State system. No additional prerequisites were imposed by statutes on the police officers thus transferred. In 1988 and 1989, the Legislature amended 11O.S. 50-112 (1981) (all statutory references are to title 11 unless otherwise noted), to provide for the transfer of municipal retirement system memberships to OPPRS. Your question seeks elucidation of the statutory conditions placed on these transfers.
 DISCUSSION
¶ 2 Title 11 O.S. § 50-112[11-50-112] reads as follows:
 A. All eligible persons employed as officers shall participate in the System upon initial employment with a police department of a participating municipality. A person is eligible if the person is of good moral character, not addicted to the use of alcohol or drugs, free from deformities, mental or physical defects or conditions or disease that would interfere with the performance of regular police duties, and if that person first passes the requirements of a physical-medical examination pertaining to age, height, weight, sight, hearing, agility and other conditions the requirements of which are established by the State Board. Except as provided in subsection B of this section, a police officer shall not be less than twenty-one (21) nor more than forty-five (45) years of age when accepted for initial membership in the System. An officer shall be required to meet the requirements of this Article at the time of initial employment with any participating municipality in order to qualify for membership in the System. The State Board shall have authority to deny or revoke membership of any person submitting false information in such person's membership application. The State Board shall have final authority in determining eligibility for membership in the System, pursuant to the provisions of this Article.
 B. Any person employed as a municipal police officer as of July 1, 1988, who at the time of initial employment was employed as an Oklahoma City Airport Police Officer or as an Oklahoma City Park or Lake Ranger and was not eligible for membership in the Oklahoma Police Pension and Retirement System may transfer membership from the municipal retirement system to the Oklahoma Police Pension and Retirement System if:
 1. except for the age requirement, the member meets all the requirements specified in subsection A of this section for membership in the System; and
 2. the amount of the employee and employer contributions which would have been required to be paid by the person and the employer of the person for those years of service being transferred are paid to the State Board.
 Years for which contributions are paid shall be considered years of service in the System. The option provided in this subsection shall be exercised prior to January 1, 1989.
¶ 3 All of subsection B of the above-quoted statute was enacted in 1988. See, Okla. Sess. L. 1988, c.267, 10. Subsection A was amended in 1989, principally by changing the upper age limit for initial employ ment as a police officer from 35 to 45 years of age. See, Okla. Sess. L. 1989, c.341, 2.
¶ 4 You seek to ascertain whether the two categories of municipal law enforcement personnel recently transferred to membership in OPPRS (airport police officers and lake and park rangers) must submit to new physical-medical examinations under current OPPRS standards, or whether a physical-medical examination passed at the time of initial employment meets the statutory standards if it otherwise comports with the standards in effect at the time of their initial employment. In interpreting and construing statutes the cardinal rule always is to ascertain and give effect to the intention of the Legislature. Humphrey v. Denney, 757 P.2d 833 (Okla. 1988). All relevant provisions of a particular enactment must be read together and harmonized so as to give effect and meaning to each.Dana P. v. State, 656 P.2d 253 (Okla. 1982). Turning to subsection A, the requirements imposed upon police officers for membership in OPPRS may be paraphrased and enumerated as follows:
(1) The officer must be of good moral character.
 (2) The officer must not be addicted to the use of alcohol or drugs.
 (3) The officer must be free of deformities, mental or physical defects, or conditions or diseases that would interfere with the performance of his or her regular police duties.
 (4) The officer must pass the requirements of a physical-medical examination pertaining to age, height, weight, sight, hearing, agility and other conditions.
 (5) The officer must be not less than twenty-one (21) nor more than forty-five (45) years of age at the time of initial employment.
¶ 5 Subsection A further provides that the person must meet all these requirements at the time of initial employment with a participating municipality.
¶ 6 Subsection B adds two categories of officers to the enumeration of those eligible for membership in OPPRS: airport police officers ("APOs") and park and lake rangers ("Rangers"). Eligibility for transfer of membership is conditioned on the satisfaction of two conditions, only one of which is germane to your question. That requirement is, quoting the pertinent language for subsection B:
 except for the age requirement, the member meets all the require ments specified in Subsection A of this section for membership in the System.
(Emphasis added.)
¶ 7 In harmonizing the provisions of subsections A and B, we must be mindful of the precept that statutes should not be given a construction which renders some words and sentences idle or nugatory. Simons v. Benson, 244 P.2d 1126 (Okla. 1952). Subsection (B)(1) requires that those officers who were not within the age parameters of subsection A at the time of initial employment, and who were not otherwise eligible for membership in OPPRS (i.e., they were not "officers" within the definitional parameters of 11 O.S. 50-101(6)) may still transfer if they can show that they met the other requirements of subsection A at the time of initial employment. It is this reading only which gives effect to the language in subsection A which states that "an officer shall be required to meet the requirements of this Article at the time of initial employment with any participating municipality." (Emphasis added.) This reading also recognizes and lends meaning to the legislative description of the APOs and Rangers as persons not eligible for membership at the time of initial employment, see, 11 O.S. 50-112(B). Now that these individuals are employed within the regular police department of a participating municipality (and thus meet the statutory definition of the term "officers") and notwithstanding that they may not have been within the proper age parameters at the time of initial employment, the 1988 addition of subsection B provides that they may transfer membership to OPPRS if they met the other requirements of subsection A, including the physical-medical examination, at the time of initial employment. This reading also comports with the rule which holds that statutes should be given a construction that gives consistent meaning to all their various components in preference to one which leads to the conclusion that there is a conflict between or among statutory provisions.Independent School District No. 89 of Oklahoma County v.Oklahoma City Federation of Teachers, 612 P.2d 719 (Okla. 1980).
¶ 8 The ancillary question as to whether any APO or Ranger took and passed a physical-medical examination which would have qualified him for membership in the predecessor system to the OPPRS is a question of fact which is beyond the scope of an official opinion of the Attorney General. The resolution of these factual questions has been committed to the sound administrative discretion of the Board of Trustees of the OPPRS. See, 11 O.S.50-112. The Board's determinations on those factual issues are final, subject to judicial review under the standards specified in 75 O.S. 322 (1981). For example, if APOs and Rangers took and passed the same physical-medical examination administered other individuals who have been admitted to membership in OPPRS, a reviewing court might well find the System's action to deny the APOs and Rangers membership on that basis to be arbitrary and capricious. See, 75 O.S. 322(1)(f) (1981).
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that 11 O.S. 50-112(A) (1988), does not requireAirport Police Officers and Lake and Park Rangers to take andpass a physical-medical examination at the time they transfertheir membership from a municipal retirement system to theOklahoma Police Pension and Retirement System pursuant to 11O.S. 50-112(B) (1988), as amended, if they took and passed amunicipally required physical-medical examination equivalent tothat required for those officers transferred to membership inOPPRS by legislative edict in 1980.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
NED BASTOW ASSISTANT ATTORNEY GENERAL