Dear Commissioner Townsend,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Does 47 O.S. 172(J) (1988) which provides that noCorporation Commission enforcement officer or employee shall havethe right to plea bargain in motor carrier or motortransportation matters except the Commission's chief legalcounsel or an assign of his legal staff — prohibit enforcementofficers and other employees of the Commission's TransportationDivision from making recommendations or suggestions to the chieflegal counsel and his legal staff, either encouraging ordiscouraging plea bargains or settlements of motor carrier ormotor transportation matters?
2. Does 47 O.S. 172(J) (1988) prohibit TransportationDivision staff from negotiating a settlement or plea bargainsubject to the review and approval of the Commission's chieflegal counsel and his legal staff?
¶ 1 The Oklahoma Corporation Commission's Transportation Division consists of a Director, enforcement officers and other staff. 17 O.S. 40 (1988). The enforcement officers have the duty of investigating and assisting in the prosecution of persons engaged in the unauthorized transportation or disposal of deleterious substances, 47 O.S. 171.1(1) (1988), and, upon reasonable belief that any motor vehicle is being operated in violation of law, or any Commission rule or order, are authorized to require the driver of such vehicle to stop and submit to an inspection. 47 O.S. 171.2, 47 O.S. 172(E) (1988). (The investigation and prosecution of violations of these statutory provisions is referred to herein as "motor carrier and motor transportation matters.")
¶ 2 Your questions refer to 47 O.S. 172(J) (1988), which provides that:
 [n]o enforcement officer or employee of the Oklahoma Corporation Commission shall have the right to plea bargain in motor carrier or motor transportation matters except the chief legal counsel of the Commission or an assign of his legal staff.
¶ 3 Your first question is whether 47 O.S. 172(J) prohibits Transportation Division enforcement officers and employees (hereinafter referred to collectively as "Transportation Division staff") from making recommendations or suggestions to the Commission's chief legal counsel or his legal staff (hereinafter referred to collectively as "General Counsel") either encouraging or discouraging the settlement or prosecution of motor carrier or motor transportation matters.
¶ 4 The purpose of 47 O.S. 172(J) appears to be to give to the Commission's General Counsel the exclusive right to plea bargain in motor carrier or motor transportation matters. A threshold issue is whether the making of recommendations and suggestions by Transportation Division staff to the General Counsel, either encouraging or discouraging the settlement or prosecution of motor carrier or motor transportation matters, constitutes "plea bargaining" within the meaning of 47 O.S.172(J). If the making of such recommendations and suggestions does not constitute "plea bargaining" within the meaning of 47O.S. 172(J), then such activity is not prohibited by that statutory provision.
¶ 5 The answer to your question depends upon the breadth of the term "plea bargain" as used in 47 O.S. 172(J). We have found no statutory definition of the term "plea bargain." The term "plea bargaining" has, however, been defined as:
 [t]he process whereby the accused and the prosecutor in a criminal case work out a mutually satisfactory disposition of the case subject to a court approval. It usually involves the defendant's pleading guilty to a lesser offense or to only one or some of the counts of a multi-count indictment in return for a lighter sentence than that possible for the graver charge.
Black's Law Dictionary, 5th ed. (West, 1979).
¶ 6 Similarly, in appellate court opinions, the term "plea bargain" normally appears in the context of criminal cases and refers to the process by which the government prosecutor and the accused negotiate an agreement for disposition of criminal charges against the accused. See e.g., Lesley v. State,407 F.2d 543, 544 (10th. Cir. 1969); State v. Stroh, 588 P.2d 1182,1185 (Wash. 1979). Plea bargaining has as its ideal purpose the prevention of the necessity of trial if an alternative can result in justice to society and the accused. Stroh, supra,588 P.2d at 1185; State v. Jennings, 448 P.2d 59, 60 (Ariz. 1968). It ordinarily contemplates that the accused will plead guilty as quid pro quo for a reduction of the charges against him. Stroh,
supra, 588 P. 2d at 1185; State v. Andrews, 165 N.W.2d 528
(Minn. 1969). Prior to a court hearing, the government prosecutor and the defense attorney discuss the possibilities of a guilty plea. The bargaining generally involves one or several offers by the government which are either accepted or rejected by the defendant. Once the defendant has accepted the government's offer, a hearing is set by the court. Defendant enters a plea of guilty. The court makes an inquiry to verify the plea agreement. After the court accepts and approves it, the plea agreement is consummated and is binding on the parties. United States v.Conley, 663 F.Supp. 36, 38 (N.D. Okla. 1987).
¶ 7 We have found no published opinion defining the term "plea bargain" in the context of a civil administrative proceeding. The context of 47 O.S. 172(J), however, suggests that the Legislature intended the term "plea bargain" to refer to a civil version of the "plea bargain" employed in criminal cases. In the context of 47 O.S. 172(J), the term "plea bargain" indicates an agreement with the respondent in a motor carrier or motor transportation matter whereby the respondent admits responsibility for a specified violation or violations and agrees to a specified sanction. This "plea bargain" can be submitted to the Commission or to a Commission hearing examiner for review and approval. If the agreement is approved and adopted, an appropriate order can be entered in lieu of a formal adjudication.
¶ 8 In other words, 47 O.S. 172(J) gives to the General Counsel the exclusive right to negotiate an agreement with a respondent in a motor carrier or motor transportation matter that will be presented to the Commission or hearing examiner for review and approval. It follows, then, that this negotiation process is what the Legislature intended by the term "plea bargain" within the context of 47 O.S. 172(J). Transportation Division staff who make recommendations or suggestions to the General Counsel regarding such agreements would not interfere with the General Counsel's exclusive right to make and present such agreements.
¶ 9 The relative positions and duties of the Transportation Division staff and the General Counsel make such suggestions and recommendations all but inevitable. The Transportation Division staff conduct the investigations and inspections that turn up evidence of wrongdoing. The Transportation Division staff gather the evidence of the violation and provide it to the General Counsel. The Commission's special motor carrier enforcement officers are expressly charged with the duty of "assisting inthe prosecution of persons engaged in unauthorized transportation of deleterious substances. . . ." 47 O.S.171.1(1) (1988). (Emphasis added). As a result of their investigations and inspections, the Transportation Division staff are likely to be familiar with the persons who are accused of being in violation. They would know, for example, which persons have histories of previous violations and which have histories of compliance. Such knowledge would be pertinent to a decision on whether to negotiate a plea bargain. It seems reasonable and appropriate that Transportation Division staff, possessing such knowledge, should share it with the General Counsel since it is so pertinent to any decision the General Counsel may make regarding plea bargaining.
¶ 10 Accordingly, 47 O.S. 172(J) does not prohibit Transportation Division staff from making recommendations or suggestions to the General Counsel either encouraging or discouraging plea bargains or settlements of motor carrier or motor transportation matters.
¶ 11 Your second question is whether Transportation Division staff are prohibited from negotiating a settlement or plea bargain subject to the review and approval of the General Counsel. In answering your question, 47 O.S. 172(J) must be construed in a way that follows the legislative intent. Humphreyv. Denney, 757 P.2d 833, 835 (Okla. 1988). It is presumed that the Legislature intended what it expressed in a statute and the plain language of a statute must be followed without further inquiry. Humphrey, id., 757 P.2d at 835. As discussed above, by enacting 47 O.S. 172(J), the Legislature must have intended to give the General Counsel the exclusive right to plea bargain the motor carrier and motor transportation matters. 47 O.S. 172(J) provides:
 No enforcement officer or employee of the Oklahoma Corporation Commission shall have the right to plea bargain in motor carrier or motor transportation matters except the chief legal counsel for the Commission or an assign of his legal staff.
¶ 12 In delineating the duties of the Transportation Division's enforcement officers, the Legislature expressly provided that "[s]uch officers shall not have the right to plea bargain." 47O.S. 172(E) (1988). (Emphasis added). In light of the plain language of these statutory provisions, it must be concluded that Transportation Division staff, including enforcement officers and other employees, are prohibited from negotiating plea bargains in motor carrier or motor transportation matters.
¶ 13 It is, therefore, the official opinion of the AttorneyGeneral that:
1. Title 47 O.S. 172(J) (1988), which provides that noenforcement officer or employee of the Corporation Commissionshall have the right to plea bargain in motor carrier or motortransportation matters except the Commission's chief legalcounsel or an assign of his legal staff, does not prohibitenforcement officers and employees of the Commission'sTransportation Division from making recommendations orsuggestions to the Commission's chief legal counsel or his legalstaff, either encouraging or discouraging plea bargains orsettlements of motor carrier or motor transportation matters.
2. Title 47 O.S. 172(J) (1988) prohibits TransportationDivision enforcement officers and employees from negotiating pleabargains or settlements in motor carrier or motor transportationmatters.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JEFF MIXON ASSISTANT ATTORNEY GENERAL