Dear Representatives Heaton.
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Does the Commissioner of Public Safety have the authorityto appoint several Deputy Commissioners, outside of the HighwayPatrol Division and the Lake Patrol Division?
 2. Does the Commissioner of Public Safety have the authorityto appoint more than one Assistant Chief of the Highway PatrolDivision?
¶ 1 Title 47 O.S. 2-104 (1990) gives the Commissioner of Public Safety ("Commissioner") broad authority to appoint subordinates within the Department of Public Safety. 47 O.S. 2-104 provides in pertinent part:
 (a) The Commissioner, subject to the Merit System laws, shall appoint an Assistant Commissioner and such other deputies, subordinates, officers, investigators, and other employees as may be necessary to implement the provisions of 47 O.S. 2-101 through 47 O.S. 2-133 of this title.
¶ 2 However, 47 O.S. 2-105.4 (1990) specifically lists the positions to be created within the Oklahoma Highway Patrol Division. Likewise, 47 O.S. 2-136(A) (1990) specifically lists the positions to be created within the Lake Patrol Division. Neither statute authorizes the creation of "Deputy Commissioner" positions in either division.
¶ 3 In construing or interpreting any statute, the goal is to determine and follow the legislative intent. Humphrey v.Denney, 757 P.2d 833 (Okla. 1988); Fuller v. Odom,741 P.2d 449 (Okla. 1987).
¶ 4 Due to the specificity of these sections, the Commissioner cannot appoint Deputy Commissioners to these divisions. The Commissioner may, however, appoint Deputy Commissioners in the Department of Public Safety which are not within these two divisions.
¶ 5 With regard to the positions of Assistant Chief of the Highway Patrol Division, 47 O.S. 2-105.4 (1990), in its entirety states:
 A. The Commissioner of Public Safety, subject to the Oklahoma Personnel Act, 74 O.S. 840.1 et seq. of the Oklahoma Statutes, shall appoint an Assistant Commissioner, whose salary shall not exceed the listed salary in the following salary schedule per annum, payable monthly, and such other deputies, subordinates, officers, investigators and other employees as may be necessary to carry out the provisions of this act.
 B. The Commissioner, subject to the Oklahoma Personnel Act, 74 O.S. 840.1 et seq. of the Oklahoma Statutes shall appoint a Chief of the Highway Patrol Division with the rank of Colonel, Assistant Chief of the Highway Patrol Division with the rank of Lieutenant Colonel, and subordinate officers and employees thereof, including Majors, Captains, First Lieutenants, Supervisors with the rank of Second Lieutenant and Patrolmen, who shall comprise the Oklahoma Highway Patrol Division.
 C. The annual salaries for the positions hereinbefore set out shall be in accordance and conformity with the following salary schedule, exclusive of longevity and extra shift pay as authorized by law:
Position Step 1 Step 2 Step 3 Step 4 Step 5
Commissioner of Public Safety
$61,200.00
Assistant Commissioner of Public Safety
$56,400.00
Chief of the Highway Patrol Division
$54,600.00
Assistant Chief of the Highway Patrol Division
$48,000.00
Highway Patrol Majors
$42,600.00
Highway Patrol Captains
$38,400.00
Highway Patrol First Lieutenants
$35,400.00
Highway Patrol Supervisors
$32,400.00
Highway Patrolmen
$22,800.00 $24,600.00 $26,400.00 $28,200.00 $30,000.00
 The provisions of this act shall supersede all existing laws covering the salaries of the positions in the Oklahoma Highway Patrol Division. It is provided that the entrance salary of any highway patrolman shall be One Thousand Five Hundred Eighty-three Dollars ($1,583.00) per month, or Nineteen Thousand Dollars ($19,000.00) per annum which salary shall be paid during Highway Patrol Academy Training. It is provided that the salary of any probationary highway patrolman shall be One Thousand Six Hundred Eighty-three Dollars ($1,683.00) per month, or Twenty Thousand Two Hundred Dollars ($20,200.00) per annum as set out, which salary shall continue during the probationary period following employment, as provided for in subsection (b) of 47 O.S. 2-105 of this title. Any employee of the Highway Patrol Division being paid according to the schedule set forth in subsection C of this section who is promoted to another position contained in said schedule shall receive not less than the annual salary the employee was paid prior to the promotion, and not more than the next higher salary in the new classification, providing such increase shall not move the salary of the employee off the schedule for the position to which said employee is promoted. Thereafter, salaries will be based upon the schedule.
¶ 6 As stated above, in interpreting a statute, the goal is to determine and follow the legislative intent. Humphrey v. Denney,supra. A special statute which makes a specific requirement controls over a general statute. Southwestern Bell Telephone Co.v. Oklahoma County, 618 P.2d 915 (Okla. 1980). Provisions in the same statutory scheme should be construed to harmonize and give reasonable effect to both. Roach v. Atlas Life Insurance Co.,769 P.2d 158 (Okla. 1989).
¶ 7 Title 47 O.S. 2-105.4(B) (1990) gives specific instructions to the Commissioner to appoint specified subordinates in the Oklahoma Highway Patrol Division — whereas, 47 O.S. 2-104 (1990) confers broad authority upon the Commissioner to appoint such subordinates as is necessary for the entire Department of Public Safety. 47 O.S. 2-105.4(B) is, in effect, an exception to the general provision. Because 47 O.S. 2-105.4 is a more specific statute it must control over 47 O.S. 2-104 when dealing with appointments made within the Oklahoma Highway Patrol Division.
¶ 8 Paragraph B of 47 O.S. 2-105.4 states that the Commissioner shall appoint a Chief, Assistant Chief and subordinate officers and employees. Paragraph C, when listing the pay schedule for these positions refers to Assistant Chief in the singular, whereas the Majors, Captains, First Lieutenants and other officers are referred to in the plural. Consequently, it is clear that the intent of the legislature was to restrict the appointment authority of the Commissioner to a single Assistant Chief of the Highway Patrol Division.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Title 47 O.S. 2-104 (1990) allows the Commissioner ofPublic Safety to appoint such Deputy Commissioners as he deemsnecessary, provided that the Deputy Commissioners are not withinthe Oklahoma Highway Patrol Division nor the Lake PatrolDivision.
 2. Pursuant to 47 O.S. 2-105.4 (1990) the Commissioner ofPublic Safety may not appoint more than one Assistant Chiefposition within the Oklahoma Highway Patrol Division. Absentspecific legislation, only one Assistant Chief of the HighwayPatrol Division may be appointed.
SUSAN BRIMER LOVING Attorney General of Oklahoma
JENNIFER B. MILLER Assistant Attorney General