**NICHOLS HILLS PHYSICAL THERAPY, Plaintiff,**

v.

**Paulla GUTHRIE, Appellant,**

and

**Frontier City Theme Park, Defendant,**

and

**General Star Management Corp., Inc., Appellee.**

No. 85373.

Court of Appeals of Oklahoma, Division No. 4.

July 5, 1995.

Michael W. Ridgeway, Larry D. Muse, Larry D. Muse and Associates, Oklahoma City, for appellant.

C. William Threlkeld, C. Todd Ward, Fenton, Fenton, Smith, Reneau and Moon, Oklahoma City, for appellee.

## OPINION

GOODMAN, Presiding Judge.

The matter stands submitted for accelerated appellate review on the trial court record under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, ch. 15, app. 2, following the trial court's grant of General Star's motion to dismiss pursuant to 12 O.S.1991 § 2012(B)(6).

The issue presented is whether the Amusement Ride Safety Act, 40 O.S.1991 and Supp.1994 §§ 460 through 469 (ARSA), provides a private cause of action. When interpreting a statute, we presume the legislature intended what it expressed in the statute, and we will follow the plain language accordingly. *Humphrey v. Denney,* 757 P.2d 833 (Okla.1988).

## I

### *Facts*

Paulla Guthrie alleged she was injured while on the premises of Frontier City. She incurred medical expenses at Nichols Hills Physical Therapy (NHPT). To secure payment, NHPT filed a physician's lien. NHPT later sued Guthrie, Frontier City, and its liability insurance carrier, General Star Management Corporation Inc., to foreclose its lien. Guthrie filed a cross-claim against Frontier City and General Star. NHPT obtained a judgment against Guthrie, but has not executed it pending the outcome of Guthrie's cross-claim.

Guthrie's claim against the insurer General Star is a direct action based on provisions of the ARSA which require amusement park operators to procure liability insurance in an amount not less than $300,000 (§ 467) before the operator can obtain a certificate of inspection for a particular amusement ride (§ 462). Without the certificate of inspection, the ride may not be operated. Guthrie claims the requirement of liability insurance by the ARSA is a condition precedent to the operation of an amusement park, thus making the insurance carrier jointly liable by operation of law. Therefore, concludes Guthrie, a direct action against General Star is permissible.

## II

### *Issue*

Guthrie analogizes the requirements of the ARSA to the Liquid Petroleum Gases Act, 52 O.S.1991 §§ 420.1 through 420.15, the Regulation of Motor Vehicles Act, 47 O.S.1991 §§ 161 through 230.16, and city ordinances

which require taxicabs to obtain insurance before they can operate within city limits. These statutes have all been interpreted to allow a direct action against the insurance carrier by making the insurance carrier jointly liable by operation of law.[1]

General Star analogizes the Act to the Unfair Claim Settlement Practices Act, 36 O.S.1991 §§ 1221 through 1228, the Claims Resolution Act, 36 O.S.1991 §§ 1251 through 1260; and the Oklahoma Compulsory Liability Law 47 O.S.1991 §§ 7–600 through 7–610. None of those acts give rise to a private cause of action.[2] Thus, General Star argues that a direct action is not authorized by the ARSA.

■ The three-prong test for determining whether a legislative enactment authorizes a private cause of action is set out in *Holbert v. Echeverria,* 744 P.2d 960 (Okla.1987). The test asks: 1) is the plaintiff in the class for whose especial benefit the statute was enacted; 2) is there some indication, either explicit or implied, of legislative intent to create a private remedy, and 3) is there an implication in the language of the statute that the remedy, if so found, would be consistent with the underlying purpose of the legislation?

■ The purpose of the Amusement Ride Safety Act is to assure the public that the rides have been safety inspected, and to provide injured patrons a solvent defendant if injured because of the negligence of the park operator. It is the general public as a whole, as opposed to a specific class of beneficiaries, that is protected by this legislation. If the ARSA benefits all, it cannot at the same time benefit a special class. "When a statute is created for the benefit of the public at large, no special class is created in its wake simply because a remedy for injured persons is fashioned." *Holbert,* 744 P.2d at 963. "Inasmuch as the Act is for the benefit of the general public, no special class is established for whose especial benefit it was created." *Id.* The Amusement Ride Safety

Act thus fails the first prong of the *Holbert* test.

■ The ARSA likewise fails the second prong of the *Holbert* test. We find no legislative intent, either implied or explicit, in the ARSA to grant a patron the right to a direct action against the insurer. The ARSA is a legislative grant of authority to the Commissioner of Labor to regulate amusement rides. The penalties set out for violation of the ARSA are administrative (§ 469). Had the legislature intended to provide an injured patron with the right of private action, and by extension, a right of direct action against the liability insurance carrier, it would have explicitly done so. It is the job of the legislature, not this court, to create such a right. *Walker v. Chouteau Lime Co., Inc.,* 849 P.2d 1085 (Okla.1993).

The ARSA fails the third-prong of the *Holbert* test as well. To find a private cause of action would be inconsistent with the legislative intent of the ARSA to empower the Labor Commissioner to promulgate safety regulations, as set out in our findings above.

■ We conclude our analysis with a comparison of the ARSA to the other Acts set out earlier in this opinion. In those few cases where a private cause of action was found to exist, the statutory language of the particular Act required the insurance carrier to be directly responsible for the negligence of its insured, thus making the insurance carrier jointly liable by operation of law. *See Daigle v. Hamilton,* 782 P.2d 1379, 1381 (Okla.1989). This is in contrast to those Acts whose statutory language requires only that the insurance carrier indemnify its insured for negligence committed by the insured. Section 467 of the ARSA requires a policy "insuring the owner or operator against liability for injury suffered by persons riding the amusement ride." We find this language to be consistent with those Acts which only

**1.** *Daniels v. Scott,* 340 P.2d 223 (Okla.1959) (LPG carrier); *Enders v. Longmire,* 179 Okla. 633, 67 P.2d 12 (1937) (Motor Carrier); *Graves v. Harrington,* 177 Okla. 448, 60 P.2d 622 (1936) (Taxicabs).

**2.** *Daigle v. Hamilton,* 782 P.2d 1379 (Okla.1989) (Compulsory Liability Act); *McWhirter v. Fire Ins. Exchange, Inc.,* 878 P.2d 1056 (Okla.1994) (Unfair Settlement Practices Act and Claims Resolution Act).

require the insurer to indemnify its insured. In other words, rather than requiring the insurance carrier to be jointly liable to the public, the ARSA only requires the insurance carrier to indemnify the ride operator once a judgment has been entered against the operator. *See Daigle v. Hamilton,* 782 P.2d at 1383.

We hold therefore that the Amusement Ride Safety Act does not give rise to a private cause of action, and General Star's motion to dismiss was properly granted.

AFFIRMED.

STUBBLEFIELD, J., and REIF, J. (sitting by designation), concur.