Dear Senator Douglass,
¶ 0 This office has received your request for an official Opinion in which you asked, in effect, the following question:
 Would a foreign business entity domesticated in the State of Oklahoma qualify as an entity "organized under the laws of this state," for the purpose of merging with an Oklahoma limited liability company under 18 O.S. Supp. 1995, § 2054[18-2054](A)?
¶ 1 The word "foreign" generally connotes reference to another country or nation; however, in your question it must be considered as it is used in the Oklahoma Limited Liability Company Act, 18 O.S. Supp. 1995, §§ 2000-2060[18-2000-2060] ("the Act"). Although not specifically defined, the word foreign is used in the Act to describe business entities formed under the laws of any state other than this state, or under the laws of the District of Columbia or any foreign country:
 "Foreign corporation" means a corporation formed under the laws of any state other than this state, or under the laws of the District of Columbia or any foreign country[.]
18 O.S. Supp. 1995, § 2001[18-2001](9).
 "Foreign limited liability company" means an entity that is . . . organized under the laws of a state other than the laws of this state or organized under the laws of any foreign country[.]
18 O.S. Supp. 1995, § 2001[18-2001](10).
 "Foreign limited partnership" means a limited partnership formed under the laws of any state other than this state, or under the laws of the District of Columbia or any foreign country[.]
18 O.S. Supp. 1995, § 2001[18-2001](11).
¶ 2 "Foreign" is used only to describe entities that are organized under the laws of jurisdictions other than the State of Oklahoma. Therefore, by definition, a foreign business entity is not formed or organized under the laws of this State.
¶ 3 You asked whether a foreign business entity domesticated in Oklahoma may merge with an Oklahoma limited liability company. "Domesticated corporation" was used in the former Business Corporation Act to define a foreign corporation licensed to do business in this State. Currently, the term "domestication" is not statutory but is used in the context of business entities to describe the process by which business entities organized outside the State may qualify to do business in Oklahoma. 18 O.S. 1991,§ 1130[18-1130]; 18 O.S. Supp. 1995, § 2043[18-2043]. Therefore, a foreign business entity that qualifies to do business in Oklahoma is one that is not formed under the laws of Oklahoma.
¶ 4 The requirements for merging with an Oklahoma limited liability company are set forth in the Act as follows:
 Pursuant to an agreement of merger or consolidation, a domestic limited liability company may merge or consolidate with or into one or more domestic limited liability companies or other business entities, formed or organized under the laws of this state, any other state, or the District of Columbia. . . . As used in this section, "other business entity" means a corporation, a business trust, a common law trust, or an unincorporated business including a partnership, whether general or limited, but excluding a domestic limited liability company.
18 O.S. Supp. 1995, § 2054[18-2054](A) (emphasis added).
¶ 5 As expressly provided in the Act, a business entity that is formed or organized under the laws of any other state or the District of Columbia may merge with an Oklahoma limited liability company. Although the definitions within the Act, as provided above, make reference to foreign business entities as those formed under the laws of any state, the District of Columbia or any foreign country, the Act does not mention business entities formed under the laws of a foreign country when providing authority to merge with an Oklahoma limited liability company. Accordingly, the Legislature recognized business entities organized in foreign countries when providing definitions in the Act but chose not to include foreign countries as authorized to merge with an Oklahoma limited liability company. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City ofDuncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964).
¶ 6 Applying the basic rules of statutory construction, "Legislative intent is the governing principle in statutory interpretation and the `presumption is that the Legislature expressed its intent in a statute and that it intended what it expressed.'" Darnell v. Chrysler Corporation, 687 P.2d 132, 134
(Okla. 1984) (citation omitted). "There is no room for construction or provision for further inquiry when the Legislature plainly expresses its intent." Hughes DrillingCompany v. Morgan, 648 P.2d 32, 35 (Okla. 1982). When the language of the statute is plain, such language "will be followed without further inquiry." Humphrey v. Denney, 757 P.2d 833, 835
(Okla. 1988). Accordingly, the Legislature plainly expressed its intent to allow "business entities" organized or formed under the laws of another state or the District of Columbia to merge with Oklahoma limited liability companies. The opportunity to include "business entities" formed in foreign countries was available, however, the Legislature chose not to authorize such mergers.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A foreign business entity registered to do business in the State of Oklahoma does not qualify as an entity "organized under the laws of this state" for the purpose of merging with a domestic limited liability company under 18 O.S. Supp. 1995, § 2054[18-2054](A).[1]
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAWN AMUNDSEN ASSISTANT ATTORNEY GENERAL
[1] Nevertheless, the Act does provide that a foreign business entity that is formed in another state or the District of Columbia may merge with a domestic limited liability company, provided other statutory requirements are met.