Dear Director Rea
¶ 0 This office has received your letter asking for an official Attorney General Opinion addressing, in effect, the following questions:
Does 70 O.S. Supp. 1999, § 21-103[70-21-103] require the OklahomaBoard of Private Vocational Schools to license vocationaltraining provided solely to inmates in privately operatedcorrectional facilities? Does 70 O.S. Supp. 1999, § 21-101[70-21-101]permit entities providing vocational training in privatelyoperated correctional facilities, if licensure is not required,to voluntarily obtain a private vocational school license?
¶ 1 The Oklahoma Board of Private Vocational Schools ("Board") licenses private vocational schools which operate in Oklahoma (70 O.S. 1991 and Supp. 1999, §§ 21-101 to 21-203) while prohibiting private schools from operating in Oklahoma without a license. See 70 O.S. Supp. 1999, 21-103(A). The issue raised is whether the Legislature intended the Board to license those entities which provide vocational training solely to inmates within privately operated correctional facilities.¹ To determine the issue raised, a brief historical overview of the vocational training provided to inmates is necessary.
 Oklahoma Corrections Act of 1967
¶ 2 The Legislature expressed its intent to provide vocational training to inmates in the Oklahoma Corrections Act of 1967, providing in pertinent part:
 A. The State Department of Public Welfare, through its Vocational Rehabilitation Division, [now the Department of Rehabilitation Services] and the State Board of Vocational-Technical Education shall implement policies and programs consistent with available funds and applicable federal statutes, rules and regulations, to provide appropriate education, rehabilitation and vocational-technical training for persons in custody of the Department of Corrections who are candidates for work release programs, parole or release. It is the intent of the Oklahoma Legislature that such programs will be available so that said education and training will reasonably be expected to be completed before parole, release or work release begins.
 B. The Department of Corrections shall work cooperatively with the Vocational Rehabilitation Division and the State Board of Vocational-Technical Education to provide suitable candidates to allow reasonable cost effectiveness in the operation of said education, rehabilitation and training programs. This shall be accomplished through development of a method for screening and classification of persons in all facilities operated by the Department of Corrections, such screening and classification to be done cooperatively with the above named agencies.
57 O.S. 1991, § 538[57-538].
¶ 3 In 1991, the Legislature further articulated its intent to provide vocational training to inmates, setting forth various entities which the Department of Corrections should consult when implementing vocational training in correctional facilities. See57 O.S. Supp. 1999, § 539.1[57-539.1]. The Department of Corrections is instructed to seek assistance from the following entities:
 (1) the Department of Vocational and Technical Education or a public vocational-technical school within the State of Oklahoma;
 (2) a private vocational or vocational-technical school within the State of Oklahoma;
 (3) a public university, college or junior college located within the State of Oklahoma;
 (4) a private university or college located within the State of Oklahoma;
 (5) a private firm located within the State of Oklahoma; or
 (6) any entity, public or private, located outside the State of Oklahoma.
See id.
 Private School Defined
¶ 4 For purposes of licensing private vocational schools operating in Oklahoma, the Legislature defines "private schools" to include "any privately owned business school, trade school, or other school offering courses in, to residents of, or correspondence courses from Oklahoma in any business, professional, trade, technical, or industrial occupation for consideration or remuneration." 70 O.S. Supp. 1999, §21-101[70-21-101](1). The statute makes no exception for training offered solely to inmates in privately operated correctional facilities.
¶ 5 "The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent." Naylor v. Petuskey, 834 P.2d 439, 440 (Okla. 1992) (citing Humphrey v. Denney, 757 P.2d 833 (Okla. 1988)). Legislative intent is ascertained by scrutinizing the Board's licensure law in its entirety rather than by its individual provisions. See McNeill v. City of Tulsa, 953 P.2d 329, 332 (Okla. 1998). The law favors a statutory construction supporting rational outcomes, as opposed to absurd results, if the statute's language fairly permits such an interpretation. See Ledbetter v. Alcoholic Bev. Laws Enforcement Comm'n, 764 P.2d 172, 179 (Okla. 1988).
 Analysis
¶ 6 Licensure of private vocational schools supports many public purposes, including protecting citizens from unscrupulous schools and unqualified instructors. While Board provisions pertaining to enrollment contracts and recruitment are directed toward individual consumers, other provisions are public purposes equally applicable to the State of Oklahoma. The Legislature requires the Oklahoma Department of Corrections to provide appropriate vocational training to qualified persons held in its custody. See 57 O.S. 1991, § 538[57-538]. Since Oklahoma inmates remain under the custody and control of the Department of Corrections, even when held in private correctional facilities, a policy of providing appropriate vocational training remains applicable independent of the situs or management of the facility.
¶ 7 Recognizing a clear rehabilitative purpose behind vocational training of inmates, Oklahoma has a strong public interest in ensuring that qualified instructors provide such vocational training to inmates. Likewise, bonding requirements, deceptive advertisements, and career placement representations are legitimate public concerns of the State of Oklahoma and the Department of Corrections. A private vocational school should be no less accountable when it is providing training to inmates at taxpayer expense than when it is providing courses to the general public. Moreover, no specific exemption exists which would exempt vocational training from licensure simply because students are incarcerated persons held in privately operated correctional facilities.
¶ 8 Therefore, the Board is required to license training provided solely to inmates in privately operated correctional facilities as long as such training involves a business, professional, trade, technical, or industrial occupation, and such training is provided in exchange for consideration or remuneration. Since the Board is required to license training offered to inmates in privately operated correctional facilities, your second inquiry concerning voluntary licensing is moot.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 70 O.S. Supp. 1999, § 21-103[70-21-103] requires the OklahomaBoard of Private Vocational Schools to license vocationaltraining provided solely to inmates in privately operatedcorrectional facilities, as long as such training involves abusiness, professional, trade, technical, or industrialoccupation, and such training is provided in exchange forconsideration or remuneration.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN A. MAISCH ASSISTANT ATTORNEY GENERAL