2001 OK CIV APP 145

**DeEtta O. MARTIN, Plaintiff/Appellant,**

v.

**James S. BROCK, Defendant/Appellee.**

**No. 92,573.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Decided Sept. 18, 2001.

Kelly Trost–Walker, Norman, OK, for Plaintiff/Appellant.

Steven M. Ditto, Oklahoma City, OK, for Defendant/Appellee.

Rehearing Opinion by JOE C. TAYLOR, Judge.

¶1 Plaintiff, DeEtta O. Martin (Mother), appeals the trial court's judgment ordering Defendant, James S. Brock (Father), to pay

child support only from the date of filing of Mother's petition to establish Father's paternity of the couple's child, and denying Mother attorney fees and costs. The primary issue on appeal is whether the trial court erred by failing to award child support for the five years previous to the paternity petition's filing, pursuant to 10 O.S. Supp.2000 § 83 (C)(1). In our original opinion, we found that such error had occurred, reversed the trial court's judgment on the merits, vacated its order denying attorney fees, and remanded for further proceedings. We granted rehearing to clarify that our holding as to Father's equitable defenses is limited to those defenses raised by Father in this appeal, and that on remand, the trial court should conduct further proceedings to determine the amount of child support due, including any credits which may be legally available to Father.

¶ 2 The underlying facts are straightforward. Mother and Father have never been married to each other. Their child, M.C.B., was born in August 1980 and has been supported solely by Mother since birth. In June 1998, about two months before M.C.B.'s 18th birthday, Mother filed a petition against Father seeking an order of paternity, for current child support, and for child support in arrears. Though Father's initial answer stated he was without sufficient knowledge to admit or deny paternity, he later responded to discovery requests and admitted he is M.C.B.'s father.

¶ 3 The matter was tried in January 1999, after which the trial court entered an order adjudicating Father's paternity and requiring him to pay child support of $315 per month from the date of Mother's petition through May 1999, the last month of M.C.B.'s senior year in high school. The court specifically found Father owed Mother nothing for child support prior to the date of her petition. Mother thereafter requested attorney fees and costs, which the trial court denied.

¶ 4 Mother appeals. Her primary allegation of error on appeal is that the trial court lacked any discretion under 10 O.S. Supp. 2000 § 83 (C)(1), and 12 O.S. Supp.2000 § 95 (7), to deny child support for the five years previous to the filing of the paternity peti-

tion, and that the court erred as a matter of law in refusing to determine and enter judgment for such sums.

¶ 5 The trial court in its order did not explain its reasoning. In his brief on appeal, however, Father contends the reason for the decision was Father's testimony that Mother and he entered into an agreement when M.C.B. was a small child that Mother would not seek child support if Father would not seek visitation with M.C.B. Father also contends Mother is equitably estopped to request child support because of his reliance on her representations, and that Mother's request for support is barred by the doctrine of laches. We disagree with Father, and with the trial court, on all counts.

¶ 6 Oklahoma law is clear that "[a]n action to establish paternity and to enforce support obligations can be brought any time before the child reaches the age of eighteen (18)." 12 O.S. Supp.2000 § 95 (7) (emphasis added). Title 10 O.S. Supp.2000 § 83 (C)(1) also is explicit in its requirements concerning imposition of liability for support:

> An individual who has been legally determined to be the father of a child pursuant to Section 70 of this title, or an individual who has been judicially or administratively determined to be the father of a child shall be ordered to pay all or a portion of the costs of the birth and the reasonable expenses of providing for the child, provided that liability for support provided before the determination of paternity *shall be imposed for five (5) years preceding the filing of the action.*

(Emphasis added.)

¶ 7 "When interpreting a statute, we presume the legislature intended what it expressed in the statute, and we will follow the plain language accordingly." *Nichols Hills Physical Therapy v. Guthrie,* 1995 OK CIV APP 97, ¶ 2, 900 P.2d 1024, 1025 (citing *Humphrey v. Denney,* 1988 OK 69, 757 P.2d 833). The most fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature as expressed in the statute, and "[i]n the construction of statutes, 'shall' is usually given its

common meaning of 'must.' It is interpreted as implying a command or mandate." *Sneed v. Sneed,* 1978 OK 138, ¶ 3, 585 P.2d 1363, 1364.

■ ¶ 8 The language of § 83(C)(1) is clear and unambiguous. It does not leave the trial court any discretion in deciding whether to impose liability for support for the five years preceding the filing of a paternity petition, but absolutely requires that such liability be imposed. The trial court's failure to follow the mandate of § 83(C)(1) was error. Its order refusing to impose support liability on Father for the five years prior to Mother's paternity petition therefore must be reversed.

■ ¶ 9 Although Father contends he had an "agreement" with Mother that would absolve him of such liability, the Oklahoma Supreme Court has held, unequivocally, that such agreements are void and unenforceable because they are against public policy. *See State ex rel. K.A.G. v. T.D.G.,* 1993 OK 126, ¶¶ 4–8, 12, 861 P.2d 990, 992–94. We reject Father's arguments that Mother is equitably estopped from seeking support because he relied on her purported waiver of the right to support, and that her request for support is barred by laches. In the first place, neither argument supports the trial court judgment as entered; rather, the arguments in essence attack the judgment and would bar Mother from any recovery whatsoever. Inasmuch as Father has not filed a counter petition-in-error on his own behalf, his contentions that estoppel and laches bar Mother's recovery are inapplicable.[1]

■ ¶ 10 Father's arguments also invite an improper interference by equity with clearly established legal rights. Where the rights of parties to an action are clearly defined and established by law, equity has no power to change or unsettle those rights. "No court is ever justified in invoking the maxim of equity for the purpose of destroying legal rights or of establishing rights that do not exist." *York v. Trigg,* 1922 OK 257, 209 P. 417, 425. Here, the rights of the parties are clearly established by law, and the "equitable defenses" which Father interposes are based on an agreement that has been deemed, by the Oklahoma Supreme Court, to be against public policy and void as a matter of law. A void agreement cannot give rise to rights, legal or equitable. Thus, to the extent the trial court's decision was based—as Father contends, and as the evidence at trial suggested—on such an "agreement" between the parties giving rise to equitable estoppel, waiver, or laches, the decision cannot stand.

¶ 11 We do not hold, as Father argues in his petition for rehearing, that "there is no set of circumstances which could arise which would relieve a father of child support liability," that valid legal credits cannot be applied to reduce the amount of child support arrearage due, or that "the equitable defenses of estoppel, waiver, [and] laches could never apply." We do hold, however, that Father may not escape liability for child support under § 83(C)(1) by making an illegal and unenforceable agreement with his child's mother never to seek visitation with the child. Father's equitable defenses based upon the void agreement must fail. We therefore reverse the trial court's judgment refusing to impose child support liability for the five years preceding Mother's filing of her petition to establish paternity, and remand with instructions to order child support for the five-year period, and for further proceedings to determine the amount of child support due.

¶ 12 Finally, Mother contends the trial court erred in denying her request for attorney fees. Because we reverse the trial court's judgment on the primary appeal, however, and remand for further proceedings

---

1. However, even if waiver, estoppel, or laches were available arguments to reduce Mother's recovery, the doctrines still would not apply here. Waiver is the intentional relinquishment of a known right by a person entitled to give such waiver. *See Prudential Fire Ins. Co. v. Trave-Taylor Co.,* 1944 OK 272, ¶ 8, 152 P.2d 273, 275. Mother was not the only person entitled to assert a right to support, as M.C.B. had an independent right to maintain a paternity action and request support. *See State ex rel. K.A.G. v. T.D.G.,* 1993 OK 126, ¶ 8, 861 P.2d 990, 993 (citing 10 O.S. 1991 §§ 70 and 89). Thus, Father may not assert estoppel based on Mother's alleged waiver of a right that did not belong to her alone.

as to the child support arrearage due, consideration of the trial court's order on this issue, and determination of entitlement to attorney fees and costs, at this stage is premature. We therefore vacate the trial court's order denying Mother's application for fees and costs, without prejudice to Mother again presenting an application for fees and costs to the trial court once the proceedings on remand are concluded.

¶ 13 TRIAL COURT ORDER REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS. TRIAL COURT ORDER ON ATTORNEY FEES AND COSTS VACATED WITHOUT PREJUDICE.

¶ 14 STUBBLEFIELD, P.J., and RAPP, J., concur.